Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Christoph Ludwig*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| TRACY JOHNSON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SABLE OFFSHORE CORP., JAMES C. FLORES, GREGORY D. PATRINELY, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, TD SECURITIES (USA) LLC, THE BENCHMARK COMPANY, LLC, JOHNSON RICE & COMPANY, L.L.C., PEP ADVISORY LLC, ROTH CAPITAL PARTNERS, LLC, and TUOHY BROTHERS INVESTMENT RESEARCH, INC.,<br><br>Defendants. | Case No. 2:25-cv-06869-SVW-PVC<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CHRISTOPH LUDWIG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date:        Monday, October 27, 2025<br>Time:        1:30 p.m.<br>Courtroom: 10A<br>Judge:       Hon. Stephen V. Wilson<br><br>ORAL ARGUMENT REQUESTED |

## I.   PRELIMINARY STATEMENT

This is a putative securities class action governed by the PSLRA brought on behalf of all persons and entities other than Defendants that purchased or otherwise acquired Sable Offshore Corp. ("Sable," "SOC" or the "Company") securities between May 19, 2025 and June 3, 2025, both dates inclusive (the "Class Period").

Movant Christoph Ludwig ("Movant") is the movant most capable of adequately representing the interests of class members. As described in his certification and loss chart attached to the Declaration of Lucas E. Gilmore at Exs. A and B ("Gilmore Decl."),[1] Movant has suffered substantial losses as a result of his purchases of Sable securities during the Class Period. Movant believes that he has sustained the largest loss of any qualified investor seeking to be appointed as Lead Plaintiff.

Moreover, Movant, a program director for a company within the enterprise software and technology sector, based in Menlo Park, California, satisfies both the applicable requirements of the PSLRA and Rule 23. Movant is also qualified to represent the class.[2] Movant respectfully submits that he should be appointed as Lead Plaintiff in this action, and that this Honorable Court should approve his selection of the law firm Hagens Berman Sobol Shapiro LLP as lead counsel in this action.

## II.   ARGUMENT

### A.   Movant Should Be Appointed As Lead Plaintiff

#### 1.   The governing law of the PSLRA.

The PSLRA governs appointment of a Lead Plaintiff in securities class actions arising under the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(iii)(I). The PSLRA requirements are both procedural and substantive. *Id*. The Court:

---

[1]"Gilmore Decl." refers to the Declaration of Lucas E. Gilmore in Support of Motion to Appoint Christoph Ludwig as Lead Plaintiff and to Approve His Selection of Lead Counsel.

[2] Gilmore Decl., Ex. C (Movant's Declaration) at ¶ 2.

-1-

> (s)hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

There is a rebuttable presumption that the lead plaintiff presumed to be most capable of adequately representing the Class is the investor that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

### 2.    Movant Complied with the PSLRA and Timely Filed this Motion

The first procedural requirement is that the plaintiff who files the initial action must publish notice to the class within twenty days of filing the initial action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, the class action was filed on July 28, 2025, and notice was published nationally via *Business Wire* (a national business-oriented wire service) the same day. *See* Gilmore Decl., Ex. D (Published Notice).

The second procedural requirement is met within sixty days after publication of notice, when "any person" who is a member of the class can move to be appointed as Lead Plaintiff regardless of whether they filed a complaint. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Here, Movant meets this procedural requirement by timely moving this Court for appointment as Lead Plaintiff within sixty days of publication of the notice. Accordingly, Movant meets the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa), and has filed his motion within the 60-day time period requirement.

**3.     Movant Has the Largest Financial Interest**

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As a result of his purchases of SOC securities during the Class Period, Movant suffered losses. Gilmore Decl., Exs. A and B. To the best of the Movant's knowledge, this represents the largest known financial interest in the relief sought by the Class. Movant, therefore, is presumptively the most adequate to serve as Lead Plaintiff.

**B.     Movant Otherwise Satisfies the Requirements of Fed. R. Civ. P. 23**

Section 21D(a)(3)(B)(iii)(I)(cc) of the Securities Exchange Act of 1934, as amended by the PSLRA, provides that the lead plaintiff must satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23(a).[3] At this stage of the litigation, however, courts focus only on the typicality and adequacy requirements of Rule 23.[4] Further, the inquiry into typicality and adequacy at the lead plaintiff stage are not as rigorous as during a class certification proceeding and Movants must make only a preliminary showing that it meets the Rule 23 typicality and adequacy requirements to be entitled to lead plaintiff status under the PSLRA.[5] As detailed below, Movant, a program director for a company within the enterprise software and technology sector, based in Menlo Park, California, more than satisfies these requirements, and should therefore be appointed Lead Plaintiff in this action.

---

[3] *See Herrgott v. United States Dist. Court for the N. Dist. of Cal.* (*In re Cavanaugh*), 306 F.3d 726, 729-30 (9th Cir. 2002).

[4] *See Vignola v. FAT Brands, Inc. et al.*, 2018 WL 6356109, at *3 (C.D. Cal. Nov. 16, 2018) ("[t]he typicality and adequacy requirements … are the main focus," and "[e]xamination of the remaining requirements is deferred until the lead plaintiff moves for class certification.") (*citing In re Cavanaugh*, 306 F.3d at 730).

[5] *See Real v. Yuga Labs, Inc.,* 2023 WL 8000329, at *2 (C.D. Cal. Nov. 7, 2023) (Olguin, J.).

**1.      Movant's claims are typical of the claims of all the class members.**

Under Rule 23(a)(3), typicality exists where "the claims … of the representative parties" are "typical of the claims … of the class." "'The [typicality] requirement is permissive, such that representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical.'"[6]

Here, Movant satisfies the typicality requirement. Like all other Class members, Movant: (1) purchased Sable securities during the Class Period; (2) was adversely affected by Defendants' false and misleading statements and otherwise fraudulent conduct; and (3) suffered damages as a result thereof. Thus, he meets the typicality requirement of Rule 23 because his are "co-extensive" with those of the absent class members.[7]

**2.      Movant will adequately represent the interests of the class.**

With respect to adequacy, the Ninth Circuit uses a two-prong test to determine whether the representative parties meet this standard: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"[8] "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees." *Id*. The adequacy of counsel is also considered under Rule 23(g).

Movant's interests are clearly aligned with the members of the class because his claims arise from the same conduct as the claims of the Class. There is no

---

[6] *See id.* at \*2 (quoting *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017)).

[7] *Id*.

[8] *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (internal quotation marks omitted); see Fed. R. Civ. P. 23(a)(4).

evidence of antagonism between Movant's interests and those of proposed class members. Furthermore, Movant has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the losses he incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Movant's shared interests with the members of the class, clearly shows that Movant will adequately and vigorously pursue the interests of the class. In addition, Movant has selected counsel that is highly experienced in prosecuting securities class actions such as this one to represent Movant and the class.[9]

In sum, because of Movant's common interests with the class members, his clear motivation and ability to vigorously pursue this action, and his competent counsel, the adequacy requirement of Rule 23(a) is met in this case. Therefore, since Movant not only meets both the typicality and adequacy requirements of Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, Movant is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

## C. The Court Should Approve Movant's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant selected Hagens Berman to serve as Lead Counsel for the class. Hagens Berman has successfully prosecuted complex class action cases of various types and complex securities fraud actions. Hagens Berman is one of the nation's leading class action law firms, and has earned an international reputation for excellence and innovation in groundbreaking litigation against large corporations. Hagens Berman has recovered hundreds of millions of dollars in losses for

---

[9] *See* Gilmore Decl., Ex. E (Firm Résumé).

MPA ISO MOTION TO APPOINT LEAD PLAINTIFF AND APPROVE THE SELECTION OF COUNSEL
Case No. 2:25-cv-06869-SVW-PVC

individuals and institutions through securities litigation, in cases that frequently result in industry-leading percentage returns for damaged investors.[10] This Court may be assured that in the event that this motion is granted, the members of the class will receive the highest caliber of legal representation.

### III. CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that this Court: (1) appoint him to serve as Lead Plaintiff in this action; (2) approve the selection of Lead Counsel for the class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: September 26, 2025          Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: /s/ *Lucas E. Gilmore*
         LUCAS E. GILMORE
Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff Christoph Ludwig*

---

[10] Gilmore Decl., Ex. E (Firm Résumé).

-6-

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for movant Christoph Ludwig, certifies that this brief contains 1,637 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 26, 2025                    By: /s/ *Lucas E. Gilmore*

Lucas E. Gilmore, Bar No. 250893

MPA ISO MOTION TO APPOINT LEAD PLAINTIFF AND APPROVE THE SELECTION OF COUNSEL
Case No. 2:25-cv-06869-SVW-PVC