Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Co-Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY JOHNSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SABLE OFFSHORE CORP., JAMES C. FLORES, GREGORY D. PATRINELY, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, TD SECURITIES (USA) LLC, THE BENCHMARK COMPANY, LLC, JOHNSON RICE & COMPANY, L.L.C., PEP ADVISORY LLC, ROTH CAPITAL PARTNERS LLC, and TUOHY BROTHERS INVESTMENT RESEARCH, INC.,<br><br>Defendants. | Case No. 2:25-cv-06869-SVW-PVC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JIMMY CLEVELAND WHITE FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Stephen V. Wilson<br>Hearing Date: October 20, 2025<br>Time: 1:30 p.m.<br>CTRM: 10A- First Street Courthouse |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

Movant Jimmy Cleveland White ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for all persons other than Defendants who purchased or acquired Sable Offshore Corp. ("Sable" or the "Company") securities: (a) between May 19, 2025 and June 3, 2025, inclusive (the "Class Period"); and/or (b) pursuant and/or traceable to Sable's May 21, 2025 secondary public offering (the "SPO"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2) appointing The Rosen Law Firm, P.A. ("Rosen Law") and The Schall Law Firm ("Schall Law") as Co-Lead Counsel for the Class.

## I. PERTINENT BACKGROUND

On July 28, 2025, this action was commenced by Rosen Law against Sable, certain of its executives, as well as underwriters for the SPO (collectively, "Defendants"), for violations of the Securities Act and the Exchange Act. That same day, a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff was issued.

A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

Sable is an offshore drilling company that seeks to extract oil from federal waters off of California. Sable's efforts to do so have been marred by litigation. On May 19, 2025, Sable issued a press release claiming that it had restarted oil production. The complaint alleges that this caused Sable's stock to rise and, just two days later, Sable announced that it would conduct the SPO.

The complaint alleges that during the Class Period and in the SPO offering documents, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Defendants represented that Sable had restarted oil production off the coast of California when it had not; and (2) as a result, Defendants' statements about Sable's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all times.

On May 23, 2025, Lieutenant Governor Kounalakis wrote a letter to a Sable Offshore executive calling into question Sable's claim that it had restarted operations off of California. The complaint claims this letter was not publicly available until May 28, 2025. Also on May 28, 2025, a local news organization in California published an article entitled "Santa Barbara County Judge issues preliminary injunction against Sable Offshore as the company announces completion of pipeline tests." The article discussed a legal setback affecting

3

Sable's efforts to restart oil production off California. Further, on the same day, Investing.com published an article entitled "Sable Offshore Corp stock sinks following court injunction," which discussed Sable's legal setbacks related to its efforts to restart production. On this news, Sable common stock fell 15.3% to close at $27.89 on May 28, 2025.

Then, on June 4, 2025, before the market opened, Sable filed with the SEC a current report on Form 8-K which stated that a superior court judge had granted a request for a temporary restraining order, thus prohibiting Sable from restarting oil transportation off California. On this news, Sable stock fell 3.91%, to close at $23.10 on June 4, 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

## II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Securities Act and the Exchange Act. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii)

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JIMMY CLEVELAND WHITE FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:25-CV-06869-SVW-PVC

as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A. Movant is Willing to Serve as Class Representative**

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2.

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JIMMY CLEVELAND WHITE FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:25-CV-06869-SVW-PVC

Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $7,867.40 due to his purchases of Sable securities in connection with the alleged fraud at issue under the Exchange Act. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JIMMY CLEVELAND WHITE FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:25-CV-06869-SVW-PVC

main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Securities Act and the Exchange Act by publicly disseminating false and misleading statements about Sable and its business. Movant, as did all of the members of the class, purchased Sable's securities at prices artificially inflated due to defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

**D.     Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JIMMY CLEVELAND WHITE FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:25-CV-06869-SVW-PVC

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class;

or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

Further, Movant is a retired dentist in and lives in Thomasville, Alabama. He holds a Doctor of Dental Medicine (D.M.D) from the University of Alabama, Birmingham and has 50 years of investing experience.

### III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the lead

plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law and Schall Law as Co-Lead Counsel. The firms have been actively researching the class's and Movant's claims, including Rosen Law filing this action, reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions. The firms have prosecuted securities fraud class actions and other complex litigations and have obtained substantial recoveries on behalf of investors. *See* Rosen Decl., Ex. 4 and 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have skills and knowledge that will enable the firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

### V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law and Schall Law as Co-Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: September 26, 2025　　　Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**THE SCHALL LAW FIRM**
Brian Schall, Esq. (290685)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*Counsel for Movant and [Proposed] Co-Lead Counsel for the Class*

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JIMMY CLEVELAND WHITE FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:25-CV-06869-SVW-PVC

# CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Jimmy Cleveland White, certifies that this brief contains 1,908 words, which complies with the word limit of L.R. 11-6.1.

Executed on September 26, 2025.


<u>/s/ Laurence M. Rosen</u>

12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JIMMY CLEVELAND WHITE FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:25-CV-06869-SVW-PVC

# CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows: I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On September 26, 2025, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JIMMY CLEVELAND WHITE FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on September 26, 2025.

/s/ Laurence Rosen
Laurence M. Rosen

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JIMMY CLEVELAND WHITE FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:25-CV-06869-SVW-PVC