**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
aapton@zlk.com
515 South Flower Street
18th and 19th Floors
Los Angeles, CA 90071
Tel: (213) 985-7290

*Attorneys for Ferdinand Aggenbach*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY JOHNSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SABLE OFFSHORE CORP., JAMES C. FLORES, GREGORY D. PATRINELY, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, TD SECURITIES (USA) LLC, THE BENCHMARK COMPANY, LLC, JOHNSON RICE & COMPANY, L.L.C., PEP ADVISORY LLC, ROTH CAPITAL PARTNERS, LLC, and TUOHY BROTHERS INVESTMENT RESEARCH, INC.,<br><br>Defendants. | No.: 2:25-cv-06869-SVW-PVC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF FERDINAND AGGENBACH'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Judge: Hon. Stephen V. Wilson<br>Date: October 27, 2025<br>Time: 1:30 p.m.<br>Courtroom: #10A |

# TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ................................................................................ 1

II. ARGUMENT ........................................................................................................... 3

   A.  The PSLRA Process for Selecting a Lead Plaintiff .................................. 3

   B.  Mr. Aggenbach Is the "Most Adequate" Lead Plaintiff. .......................... 4

   C.  No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Aggenbach as Lead Plaintiff. ........................................... 8

III. LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL ............................................................................................................. 9

IV. CONCLUSION ..................................................................................................... 10

# TABLE OF AUHTORITIES

**Cases**

*Abrams v. Intuitive Surgical, Inc.*,
  No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873 (N.D. Cal. Nov. 18, 2013) ........................................................................................................... 4

*In re Aqua Metals Sec. Litig.*,
  No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889 (N.D. Cal. May 23, 2018) ........................................................................................................... 2

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ............................................................... 4, 9

*Crawford v. Honig*,
  37 F.3d 485, 487 (9th Cir. 1994) ............................................................ 7

*Crews v. Rivian Auto., Inc.*,
  No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795 (C.D. Cal. July 1, 2022) ........................................................................................................... 5

*Doherty v. Pivotal Software, Inc.*,
  No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360 (N.D. Cal. Nov. 8, 2019) ........................................................................................................... 4

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ............................................................ 6

*Hufnagle v. Rino Int'l Corp.*,
  No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14, 2011), adopted, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) .................................................................. 9

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ............ 5

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
  136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ...................................................... 1

*In re Olsten Corp. Securities Litig*,
  3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) .............................................................. 5

*Robb v. Fitbit Inc.*,
  No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) 1

*In re Stitch Fix, Inc. Sec. Litig.*,
  393 F. Supp. 3d 833 (N.D. Cal. 2019) .................................................................. 4

*Takeda v. Turbodyne Techs., Inc.*,
  67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999) ...................................................... 2

*Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*,
  No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452 (C.D. Cal. Sep. 29, 2017) .............................................................................................................. 5

**Statutes**

15 U.S.C. § 78u-4 ..........................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 .........................................................................................*passim*

## I. PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934. It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B). Under that directive, Ferdinand Aggenbach ("Mr. Aggenbach") is the "most adequate plaintiff" because he is the movant with the largest financial interest and otherwise satisfies the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23").

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts in the Ninth Circuit have considered several different methodologies when determining a movant's financial interest, including the well-known *Olsten/Lax* factors: (1) number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016); *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015). Most courts have found that the fourth factor, approximate loss suffered, is the most important factor and afford it the greatest

weight in determining which movant has the largest financial interest. Id. (noting that "the last of these factors typically carries the most weight"); *see also In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889, at *7 (N.D. Cal. May 23, 2018) (equating losses with greatest financial interest).

As the following table demonstrates, Mr. Aggenbach possesses the largest financial interest in the Action under the most important factor, approximate loss suffered.

| Movant | Claimed Losses |
|---|---|
| Ferdinand Aggenbach | $254,679.09 |
| Jimmy Cleveland White | $7,867.40 |
| Christoph Ludwig | $1,553.02 |

*See* ECF Nos. 38-2; 42-2; and 46-3.

With over ***32 times more*** losses than the next closest movant, Jimmy Cleveland White, and ***over $250,000 more*** losses than the next movant, Christoph Ludwig, there can be no dispute that Mr. Aggenbach holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

Moreover, Mr. Aggenbach has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D.

Cal. 1999). Mr. Aggenbach is typical of the other class members insofar as he acquired Sable Offshore Corp. securities during the Class Period and was damaged as a result. Mr. Aggenbach does not have any interests adverse to the class, and he is ideally suited to serve as the lead plaintiff given his approximately 21 years investing in the stock market. *See* ECF No. 37 at p. 13.

With the largest financial interest in the outcome of the Action and having made the preliminary showing of typicality and adequacy, Mr. Aggenbach is entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). As the other movants cannot rebut this presumption with proof that Mr. Aggenbach is somehow atypical or inadequate, he is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Aggenbach respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

## II.     ARGUMENT

### A.     The PSLRA Process for Selecting a Lead Plaintiff

Under the PSLRA, this Court is directed to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."

15 U.S.C. § 78u-4(a) and (a)(3)(B).

In interpreting the PSLRA, the Ninth Circuit formulated a clear process for selecting a lead plaintiff. *See Doherty v. Pivotal Software, Inc.*, No. 3:19-cv-03589-CRB, 2019 U.S. Dist. LEXIS 195360, at *12-13 (N.D. Cal. Nov. 8, 2019); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833 (N.D. Cal. 2019); *Abrams v. Intuitive Surgical, Inc.*, No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)). "[T]he courts must compare the financial stakes of the various plaintiffs, determine which has the most to gain from the lawsuit, and determine whether that plaintiff satisfies Rule 23, particularly its typicality and adequacy requirements." *Id*. (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest that satisfies Rule 23 is the "presumptive lead plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d at 730. "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id*. Third, the court must then consider any competing lead plaintiff movants attempts to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23. *Id*.

**B.     Mr. Aggenbach Is the "Most Adequate" Lead Plaintiff.**

**1.** *Mr. Aggenbach Possesses the "Largest Financial Interest".*

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Mr. Aggenbach is entitled to that presumption because, relative to the other movants, Mr. Aggenbach's losses are greater. In accordance with *In re Olsten Corp. Sec. Litig.* and *Lax v. First Merchants Acceptance Corp.*, "courts use the Lax-Olsten four-factor test to approximate economic losses: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Crews v. Rivian Auto., Inc.*, No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795, at *9 (C.D. Cal. July 1, 2022) (internal quotations removed); see also *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Of the four factors, "[c]ourts in the Ninth Circuit have tended to give the final factor the most emphasis". *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*, No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452, at *14 (C.D. Cal. Sep. 29, 2017). In this instance, Mr. Aggenbach is the movant with the largest loss under the most important factor, approximate loss suffered.

| Movant | Claimed Losses |
|---|---|
| Ferdinand Aggenbach | $254,679.09 |
| Jimmy Cleveland White | $7,867.40 |
| Christoph Ludwig | $1,553.02 |

*See* ECF Nos. 38-2; 42-2; and 46-3.

Mr. Aggenbach lost over **32 times more** than the next closest movant, Jimmy Cleveland White, and **over $250,000 more** losses than the next movant, Christoph Ludwig. Accordingly, Mr. Aggenbach has the largest financial interest in this matter.

**2. Mr. Aggenbach Satisfies Rule 23's Typicality and Adequacy Requirements.**

Not only does Mr. Aggenbach possess the largest financial interest of all movants pursuant to the PSLRA and the most important prong of the widely accepted *Olsten/Lax* Factors, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff.

Typicality exists where the claims of the representative parties "arise from the same event or practice or course of conduct that gives rise to the claims of the class members and are based on the same legal theory." *Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004) (internal quotations removed). Mr. Aggenbach's claims are typical of those of other Class members because, like other Class members, he

acquired Sable Offshore Corp. securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. Moreover, Mr. Aggenbach's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.

To satisfy the adequacy requirement at this stage of the proceedings, Mr. Aggenbach must make a preliminary showing that his interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between his interests and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Mr. Aggenbach has no conflicts with other Class Members, nor is there evidence of antagonism between Mr. Aggenbach's interest and those of the Class.

Finally, Mr. Aggenbach has further demonstrated his adequacy by providing within his opening brief his investing experience, employment, and education. *See* ECF No. 37 at p.13. Mr. Aggenbach lives in Bakersfield, California, and possesses a Bachelor's Degree in Electrical Engineering. *Id*. He currently works as a Senior Systems Analyst in the SCADA department at DCOR LLC. *Id*. Mr. Aggenbach has been investing in the stock market for approximately 21 years. *Id*. Further, in his certification, Mr. Aggenbach states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF No. 36-1 (PSLRA Certification).

Mr. Aggenbach received valid assignments of claims from his wife, Yolanda Aggenbach, his daughter, Juane Aggenbach, and his son, Alrich Aggenbach, that transfers all rights and title to prosecute all causes of action relating to their transactions in Sable Offshore securities prior to the filing of his motion for lead plaintiff. *See* ECF Nos. 38-1 (Assignments Accompanying PSLRA Certification) and ECF No. 37 at p. 2 (Mr. Aggenbach's Opening Brief). In addition to the assignments, the schedule and loss charts listing the accounts clearly indicate the owner of each account. *See* ECF Nos. 38-1 (Assignments Accompanying Certification) and 38-2 (Loss Charts). These documents show that Mr. Ageenbach purchased the majority of the Sable Offshore securities at issue, thereby making him the appropriate movant for lead plaintiff.

Mr. Aggenbach, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Mr. Aggenbach is entitled to the presumption that he is the "most adequate plaintiff" and that he should be appointed as the lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

**C.     No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Aggenbach as Lead Plaintiff.**

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the Action of all movants, and sufficiently making a preliminary, prima facie showing of typicality and adequacy, Mr.

Aggenbach has fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (discussing requirements to become the "most adequate plaintiff"). Mr. Aggenbach, therefore, is entitled to the presumption that he shall be appointed as the lead plaintiff in the Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (stating the court "shall appoint as the lead plaintiff" the "most adequate plaintiff"). Mr. Aggenbach's presumption as the "most adequate plaintiff" may only be rebutted upon proof by a class member that Mr. Aggenbach "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d at 741. Absent proof rebutting the presumption, Mr. Aggenbach is entitled to be appointed as the lead plaintiff. *See Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771, at *16 -26 (C.D. Cal. Feb. 14, 2011), adopted, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) (appointing the most adequate plaintiff where competing movants failed to submit proof of unique defense). This is something that the other movants cannot do. Accordingly, Mr. Aggenbach's motion should be granted in its entirety.

### III. LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL

This Court should approve Mr. Aggenbach's selection of Levi & Korsinsky as Lead Counsel. The PSLRA vests authority in the lead plaintiff to select and retain

lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v). Numerous courts throughout the country have appointed Levi & Korsinsky as lead counsel in securities class action lawsuits. *See* ECF No. 38-4. With approximately 30 attorneys across five different offices, including an office in this district, Levi & Korsinsky stands ready, willing and able to prosecute this case. *Id*.

## IV.   CONCLUSION

For the foregoing reasons, Mr. Aggenbach respectfully requests that the Court grant his Motion and enter an order: (1) appointing Mr. Aggenbach as Lead Plaintiff; and (2) approving Levi & Korsinsky as Lead Counsel for the Class.

Dated: October 6, 2025                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
aapton@zlk.com
515 South Flower Street
18th and 19th Floors
Los Angeles, CA 90071
Tel: (213) 985-7290

*Proposed Lead Counsel for Ferdinand Aggenbach*

Case No. 2:25-cv-06869-SVW-PVC
10

# CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 515 South Flower Street, 18th and 19th Floors, Los Angeles, CA 90071. I am over the age of eighteen.

On October 6, 2025, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF FERDINAND AGGENBACH'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on October 6, 2025.

　　　　　　　　　　　　　　　　　　　　　　/s/ Adam M. Apton
　　　　　　　　　　　　　　　　　　　　　　Adam M. Apton

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Movant, certifies that this brief contains 2,192 words, which complies with the word limit of L.R. 11-6.1.

Executed on October 6, 2025.

                                                  */s/ Adam M. Apton*
                                                  Adam M. Apton