Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Co-Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY JOHNSON, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SABLE OFFSHORE CORP., JAMES C. FLORES, GREGORY D. PATRINELY, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, TD SECURITIES (USA) LLC, THE BENCHMARK COMPANY, LLC, JOHNSON RICE & COMPANY, L.L.C., PEP ADVISORY LLC, ROTH CAPITAL PARTNERS LLC, and TUOHY BROTHERS INVESTMENT RESEARCH, INC., <br><br> Defendants. | Case No. 2:25-cv-06869-SVW-PVC <br><br> **MEMORANDUM OF LAW OF JIMMY CLEVELAND WHITE IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS** <br><br> <u>CLASS ACTION</u> <br><br> JUDGE: Stephen V. Wilson <br> Hearing Date: October 20, 2025 <br> Time: 1:30 p.m. <br> CTRM: 10A- First Street Courthouse |

1

Movant Jimmy Cleveland White ("Mr. White") respectfully submits this Memorandum of Law in Opposition to the Competing Lead Plaintiff Motions. Dkt. Nos. 36 and 40.[1] As explained in his opening brief, Mr. White is typical, adequate, and lost $7,867.40. *See generally* Dkt. No. 45 at 5-6. Mr. White is a retired dentist with 50 years of investing experience. *See id.* at 9. One other movant, Ferdinand Aggenbach ("Aggenbach"), claims larger losses. [2] However, he has failed to demonstrate his adequacy and typicality under Rule 23, 15 U.S.C. § 77-z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

It is critical to note that courts determining the most adequate lead plaintiff do not merely perform a rote mathematical calculation of comparing asserted losses. Numerical loss is only the first step in the process. *See In re Cavanaugh,* 306 F.3d 726, 729 (9th Cir. 2002); *In re Mersho*, 6 F.4th 891, 896 (9th Cir. 2021) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)-(cc)). The second step is analyzing a proposed lead plaintiff's typicality and adequacy under Rule 23. *See id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)). This "court has latitude as to what information it will consider in determining typicality and adequacy." *Id.* at 900.

Here, Aggenbach and his selected counsel, Levi & Korsinsky LLP ("L&K"), are inadequate and atypical. L&K issued at least six separate press

---

[1] Hearing dates were noticed for both October 20, 2025 and October 27, 2025. Counsel for Mr. White is ready, willing, and able to attend a hearing on either date.

[2] On October 6, 2025, Christoph Ludwig filed a notice of non-opposition to competing motions. Dkt. No. 50.

2

releases (or other advertising) falsely claiming to have filed this case, in violation of California Rules of Professional Conduct, Rule 7.1 ("Professional Rule 7.1"). Aggenbach, the product of this false advertising, is likewise inadequate and atypical as he has failed to monitor and oversee counsel in this regard.

L&K's issuance of false advertising claiming it has "filed a case" is not an accident. L&K has issued press releases falsely claiming it has filed a given case—when it has not—in at least fourteen separate cases in recent weeks. L&K does this to reach investors who wish to be represented by the counsel that actually filed a lawsuit. L&K also benefits from an algorithmic advantage, for better placement on search engines or investing websites.

In short, L&K's deliberately false attorney advertising, and Aggenbach's failure to oversee and monitor counsel in this regard, renders them inadequate and atypical. Their motion should be denied. The Court should appoint Mr. White as Lead Plaintiff and approve his selection of counsel.

## ARGUMENT

## I.    AGGENBACH AND L&K ARE INADEQUATE AND ATYPICAL

The PSLRA was enacted to prevent lawyer driven litigation. *See In re Gemstar-TV Guide Int'l., Inc. Securities Litigation*, 209 F.R.D. 447, 451 (C.D. Cal. 2002) ("One of the principal legislative purposes of the PSLRA was to prevent lawyer-driven litigation[.]") (internal citation omitted). Deliberately

3

issuing false attorney advertising for the purpose of securing clients is lawyer-driven and cannot be compliant with the PSLRA.

In the Ninth Circuit, district courts have latitude in what they consider in assessing adequacy and typicality under Rule 23. *Mersho*, 6 F.4th 891 at 890 ("[t]he district court has latitude as to what information it will consider in determining typicality and adequacy[.]") (internal citation omitted). Attorney misconduct is a relevant consideration to adequacy and typicality. *E.g., Yumul v. Smart Balance, Inc.,* 2010 WL 4352723 at *4 (C.D. Cal. Oct. 8, 2010) ("In determining whether to certify a class in this case, however, unethical conduct by plaintiff's counsel would be a relevant consideration.") (citing cases); *White v. Experian Information Solutions*, 993 F.Supp.2d 1154, 1172 (C.D. Cal. 2014) ("[I]t is clear that a lawyer's ethical conduct, both before and during the litigation in question, is relevant to determining whether counsel is adequate under Rule 23") (citing *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir. 2011)).

Aggenbach and L&K are inadequate and atypical. L&K violated California ethics rules prohibiting false attorney advertising. False advertising violates Professional Rule 7.1, which states that a "lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services." A "communication is false or misleading if it contains a material misrepresentation

of fact or law, or omits a fact necessary to make the communication considered as a whole not materially misleading." *Id.* In violating the state rules of professional conduct, L&K violated the court's rules, given that it follows the state professional rules. *See* L.R. 83-3.1.2.

On July 28, 2025, this action was commenced by Rosen Law. L&K did not file a case. However, L&K published at least six press releases or other advertising falsely claiming to have filed this action. *See* Exhibit 1 (showing a September 8 press release with the headline "Recover Investment Losses: Levi & Korsinsky Files Class Action Against Sable Offshore Corp. (SOC)[. . .]; showing a press release issued on September 17 with the headline "Recover Investment Losses: Levi & Korsinsky Files Class Action Against Sable Offshore Cor[.]"; showing a press release issued on September 18 with the headline "Time to SueWallSt? Levi & Korsinsky Files Lawsuit Over Sable Offshore Corp. Stock Losses"; a press release issued on September 24 with the same false headline as the September 8 and 17 releases; a second false press release issued on September 24 with the headline "SOC ALERT: Levi & Korsinsky Files Securities Fraud Class Action Against Sable Offshore Corp. – September 26, 2025 Deadline").

L&K's misconduct apparently emanates from the top. Also included in Exhibit 1 is an article that L&K published on July 30, 2025 (two days after Rosen Law filed the action) entitled "Sable Offshore Faces Investor Lawsuit Over False

Claims." It was authored by named partner Joseph E. Levi. See Dkt. No. 38-4 at 25-26. It describes the lawsuit before stating that "[r]epresenting the plaintiffs is the esteemed law firm Levi & Korsinsky LLP[.]"

Aggenbach and L&K's relationship seems to be a last-minute product of these false press releases, given that Aggenbach's certification was signed on the lead plaintiff deadline, a mere two days after L&K issued two separate advertisements falsely claiming to have filed the case. *See* Dkt. No. 38-1. Additionally, even if Aggenbach had retained L&K earlier, then Aggenbach is inadequate and atypical for failing to oversee and monitor counsel's issuance of false attorney advertising.

Due to this misconduct, Aggenbach and L&K are inadequate, atypical, and subject to unique defenses relating to L&K's false attorney advertising. Their motion should be denied.

## II.    L&K'S FALSE ADVERTISING IS AN ONGOING PRACTICE

L&K's false advertising here is not an innocent clerical mistake—but an ongoing practice. The volume of false advertising in this case—six—belies any argument that this was an innocent mistake. Additionally, there are at least fourteen other securities class actions where L&K falsely claimed to have filed the case—when it has not. These include the following: (1) *Jboor v. Replimune Group, Inc. et al.,* 1:25-cv-12085 (D. Mass.), Dkt. No. 1, at 18 (not filed by

MEMORANDUM OF LAW OF JIMMY CLEVELAND WHITE IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS– 2:25-CV-06869-SVW-PVC

L&K); (2) *Hernandez v. RCI Hospitality Holdings, Inc*., 4:25-cv-04477 (S.D. Tex.), Dkt. No. 1, at 25 (not filed by L&K); (3) *Norrman v. KBR, Inc. et al*., 4:25-cv-04464 (S.D. Tex.), Dkt. No. 1, at 15 (not filed by L&K); (4) *Ho v. Savara Inc., et al*., 2:25-cv-05147 (E.D. Pa.), Dkt. No. 1 at 22 (not filed by L&K); (5) *Johnston v. LifeMD, Inc.,* 1:25-cv-04761 (E.D.N.Y), Dkt. No. 1 at 18 (not filed by L&K); (6) *Sandoval v. Charter Communications, Inc. et al*, 1:25-cv-06747 (S.D.N.Y.), Dkt. No. 1 at 30 (not filed by L&K) (7) *O'Connor and O'Connor v. CTO Realty Growth, Inc. et al*., 6:25-cv-01516 (M.D. Fla.), Dkt. No. 1 at 49-50 (not filed by L&K); (8) *Elkhodari v. Unicycive Therapeutics, Inc., et al*., 3:25-cv-06923 (N.D. Cal.) Dkt. No. 1 at 20-21 (not filed by L&K); (9) *Maglione v. Fluor Corporation et al*, 3:25-cv-02496 (N.D. Tex.) Dkt. 1 at 24-25 (not filed by L&K); (10) *Krishnamoorthy v. Semler Scientific, Inc. et al*, 5:25-cv-07303 (N.D. Cal.) Dkt. No. 1 at 15 (not filed by L&K); (11) *Sarti v. Dow Inc*. et al, 1:25-cv-12744 (E.D. Mich.) Dkt. No. 1 at 35 (not filed by L&K); (12)  *City of St. Clair Shores Police and Fire Retirement System v. Lineage, Inc.*, et al, 2:25-cv-12383 (E.D. Mich.) Dkt. No. 1 at 28-29 (not filed by L&K); (13) *Gémesi v. RxSight, Inc. et al* 8:25-cv-02093 (C.D. Cal.)/*Makaveev v RxSight, Inc. et al*, 8:25-cv-01596 (C.D. Cal.) (related actions not filed by L&K); (14) *Yaghsizian v. Hims & Hers Health, Inc. et al*, 3:25-cv-05321 (N.D. Cal.)/*Sookdeo v. Hims & Hers Health, Inc. et al*, 3:25-cv-

05315 (N.D. Cal.) (related actions not filed by L&K). *See* Exhibits 2-15.

## III. MR. WHITE'S MOTION SHOULD BE GRANTED

Unlike Aggenbach, Mr. White satisfies the typicality and adequacy requirements of Rule 23. Mr. White has also selected Rosen Law and Schall Law as Co-Lead Counsel. The firms have the resources and expertise to litigate this action efficiently and aggressively. Rosen Law has already demonstrated its willingness to do so by filing the action. As the firms' resumes reflect, they are highly experienced in the area of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. Nos. 46-4 & 46-5.

As such, he should be appointed Lead Plaintiff, and his selection of Co-Lead Counsel should be approved.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law and Schall Law as Co-Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.


Dated:   October 6, 2025                    Respectfully submitted,

                                            **THE ROSEN LAW FIRM, P.A.**
                                            /s/ Laurence Rosen, Esq.

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**THE SCHALL LAW FIRM**
Brian Schall, Esq. (290685)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*Counsel for Movant and [Proposed] Co-Lead Counsel for the Class*

MEMORANDUM OF LAW OF JIMMY CLEVELAND WHITE IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS– 2:25-CV-06869-SVW-PVC

## **CERTIFICATE OF WORD COUNT**

The undersigned, counsel of record for Jimmy Cleveland White, certifies that this brief contains 1,613 words, which complies with the word limit of L.R. 11-6.1.

Executed on October 6, 2025.


/s/ Laurence M. Rosen

1

**CERTIFICATE OF SERVICE**

2       I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

3   I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355

4   South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of

5   eighteen.

6       On October 6, 2025, I electronically filed the following **MEMORANDUM**

7   **OF LAW OF JIMMY CLEVELAND WHITE IN OPPOSITION TO**

8   **COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court

9   using the CM/ECF system which sent notification of such filing to counsel of

10  record.

11

12                       Executed on October 6, 2025.

13

14                       /s/ Laurence Rosen
                         Laurence M. Rosen
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF LAW OF JIMMY CLEVELAND WHITE IN OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTIONS– 2:25-CV-06869-SVW-PVC