| | |
|---|---|
| 1 | **LEVI & KORSINSKY, LLP** |
| 2 | Adam M. Apton (SBN 316506) |
|   | aapton@zlk.com |
| 3 | 515 South Flower Street |
|   | 18th and 19th Floors |
| 4 | Los Angeles, CA 90071 |
| 5 | Tel: (213) 985-7290 |
| 6 | |
|   | *Attorneys for Ferdinand Aggenbach* |
| 7 | |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRACY JOHNSON, Individually and on behalf of all others similarly situated, | No.: 2:25-cv-06869-SVW-PVC |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF FERDINAND AGGENBACH'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |
| v. | |
| SABLE OFFSHORE CORP., JAMES C. FLORES, GREGORY D. PATRINELY, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, TD SECURITIES (USA) LLC, THE BENCHMARK COMPANY, LLC, JOHNSON RICE & COMPANY, L.L.C., PEP ADVISORY LLC, ROTH CAPITAL PARTNERS, LLC, and TUOHY BROTHERS INVESTMENT RESEARCH, INC., | Judge: Hon. Stephen V. Wilson |
|   | Date: October 27, 2025 |
|   | Time: 1:30 p.m. |
|   | Courtroom: #10A |
| Defendants. | |

MEMORANDUM OF POINTS AND AUTHORITIES OF FERDINAND AGGENBACH
Case No. 2:25-cv-06869-SVW-PVC

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ................................................................. 1

II. ARGUMENT ............................................................................................. 3

    A. Mr. Aggenbach Is the Presumptive Lead Plaintiff Because He Possesses the Largest Financial Interest in the Action and Satisfies Rule 23's Adequacy and Typicality Requirements. ........................ 3

    B. Movant Jimmy Cleveland White Does Not Provide "Proof" that Mr. Aggenbach Is Unable to Represent the Class or Subject to Any Unique Defenses. .................................................................................. 5

III. CONCLUSION ......................................................................................... 9

# TABLE OF AUHTORITIES

**Cases**

*Andrade v. Am. Apparel, Inc.*,
   No. 10-06352 MMM (PJWx), 2011 U.S. Dist. LEXIS 79795 (C.D. Cal. Mar. 15, 2011)..................................................................................................................5

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002)....................................................................................1

*In re Cendant Securities Litig.*,
   264 F.3d 201 (3d Cir. 2001).....................................................................................5

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004) .............................................................................2

*GGCC, LLC v. Dynamic Ledger Sols,*
   No. 17-cv-06779-RS, 2018 U.S. Dist. LEXIS 43728 (N.D. Cal. Mar. 16, 2018) ..................................................................................................................................8

*Guohua Zhu v. UCBH Holdings, Inc.*,
   682 F. Supp. 2d 1049 (N.D. Cal. 2010) ..................................................................7

*Knisley v. Network Assocs.*,
   77 F. Supp. 2d 1111 (N.D. Cal. 1999) ....................................................................8

*Lako v. Loandepot, Inc.*,
   No. 8:21-cv-01449-JLS-JDE, 2022 U.S. Dist. LEXIS 79063 (C.D. Cal. May 2, 2022).....................................................................................................................3, 4

*Lowe v. Tandem Diabetes Care Inc.*,
   No. 3:23-cv-01657-H-BLM, 2023 U.S. Dist. LEXIS 217226 (S.D. Cal. Dec. 6, 2023)...........................................................................................................................4

*Mersho v. United States Dist. Court*,
   6 F.4th 891 (9th Cir. 2021)...................................................................................1, 5

*Milbeck v. TrueCar, Inc.*,
   No. 2:18-cv-02612-SVW-AGR, 2019 U.S. Dist. LEXIS 95372  (C.D. Cal. May

24, 2019) .......................................................................................................... 5

*Niederklein v. PCS Edventures!.com, Inc.*,
  No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247 (D. Idaho Feb. 24, 2011) .......................................................................................................... 2

*Peters v. Colony Credit Real Estate*,
  No. CV 20-8305 PSG (PVCx), 2020 U.S. Dist. LEXIS 259449 (C.D. Cal. Dec. 11, 2020) .......................................................................................................... 4

*Sanchez v. Arrival SA,*
  No. 22-cv-172 (DG), 2022 U.S. Dist. LEXIS 244380 (E.D.N.Y. Apr. 15, 2022) .......................................................................................................... 8

*In re Spero Therapeutics, Inc. Sec. Litig.*,
  No. 22-CV-3125 (LDH) (RLM), 2022 U.S. Dist. LEXIS 168778 (E.D.N.Y. Sep. 19, 2022) .......................................................................................................... 8

*Thant v. Rain Oncology Inc.*,
  No. 5:23-cv-03518-EJD, 2023 U.S. Dist. LEXIS 196329 (N.D. Cal. Nov. 1, 2023) .......................................................................................................... 4

*Thury v. Thury*,
  No. 17-cv-00637-MEJ, 2017 U.S. Dist. LEXIS 108120 (N.D. Cal. July 12, 2017) .......................................................................................................... 7

*Woburn Ret. Sys. v. Salix Pharms., Ltd.*,
  No. 14-CV-8925 (KMW), 2015 U.S. Dist. LEXIS 36409 (S.D.N.Y. Mar. 23, 2015) .......................................................................................................... 8

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ............................................................................................*passim*

## I. PRELIMINARY STATEMENT

Movant Ferdinand Aggenbach should be appointed lead plaintiff. Mr. Aggenbach sustained a loss of approximately $250,000 while the only remaining movant opposing his motion, Jimmy Cleveland White, lost $7,800. Mr. Aggenbach therefore possesses the "largest financial interest" in the action. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Mr. Aggenbach also makes the *prima facie* showing of "typicality" and "adequacy" necessary to trigger the "presumption" of lead plaintiff in his favor. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). Thus, the only question is whether Mr. White has adduced the requisite "proof" to rebut Mr. Aggenbach's status as the presumptive lead plaintiff. He does not.

To rebut Mr. Aggenbach's "presumption" as lead plaintiff, "[t]he [PSLRA] requires **proof** that the presumptive lead plaintiff is not adequate." *Mersho v. United States Dist. Court*, 6 F.4th 891, 899 (9th Cir. 2021) (emphasis added). Mr. White utterly fails to meet this requirement. Instead, he asserts a frivolous argument that Mr. Aggenbach should be deemed "inadequate" because his counsel, Levi & Korsinsky, LLP, issued a *de minimis* number of press releases (five) incorrectly identifying itself as the firm that filed the initial action. This argument should be rejected for **three** reasons:

First, there is no duty requiring shareholders to supervise their counsel's marketing efforts such as outgoing press releases. Moreover, the press releases at issue occurred *before* Mr. Aggenbach retained Levi & Korsinsky as counsel. Thus, Mr. White's claim of inadequacy has no basis in law or fact and cannot rebut the "presumption" of Mr. Aggenbach's adequacy as lead plaintiff under the PSLRA.

Second, Mr. White falsely accuses Levi & Korsinsky of intentionally identifying itself as the filing firm without any evidence. Instead, Mr. White manufactures support for this argument by pointing to a "volume" of only five press releases as proof that it was "not an innocent clerical mistake." But what Mr. White fails to mention (either because he failed to fact-check his argument or decided to

1  conceal it from the Court), is that the number of press releases at issue comprised a
2  *de minimis* number of the total press releases issued by Levi & Korsinsky for this
3  case (and an even smaller number of the press releases issued for this case by other
4  firms, including Mr. White's counsel). Given that context, which Mr. White omits,
5  the *only* conclusion is that the press releases in question were the result of an
6  inadvertent clerical oversight, that has since been corrected, and not an intentional
7  scheme to mislead investors. Regardless, as confirmed by Mr. Aggenbach, the press
8  releases at issue did not mislead him; as explained in his accompanying declaration,
9  Mr. Aggenbach selected Levi & Korsinsky to represent him based on the firm's
10 experience in securities litigation while knowing that it did not initially commence
11 the action.[1]

12      Third, with a financial interest in the action of $250,000, Mr. Aggenbach
13 should not be disqualified over a clerical error made by counsel. "[M]inor or
14 inadvertent mistakes . . . do not strike at the heart of Rule 23's adequacy
15 requirement." *Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479-EJL-
16 CWD, 2011 U.S. Dist. LEXIS 18247, at *34 (D. Idaho Feb. 24, 2011) (citing
17 *Ferrari v. Gisch*, 225 F.R.D. 599, 606-07 (C.D. Cal. 2004) (minor mistakes not
18 legitimate basis for disqualification)). Mr. White utterly fails to address this body
19 of case law. Thus, in addition to having no factual basis to oppose Mr. Aggenbach's
20 motion, Mr. White also lacks legal support.

21      For these reasons and as further explained below, Mr. Aggenbach's motion
22 should be granted and Mr. White's motion should be denied.

---

[1] Levi & Korsinsky and Mr. White's counsel at the Rosen Law Firm have worked, and continue to work, cooperatively on many cases. Accordingly, the undersigned contacted the Rosen Law Firm to make clear that that the press releases at issue were caused by an inadvertent clerical oversight and not the result of any intentional conduct. Notwithstanding, Mr. White decided to persist with his factually unsupported argument. On October 10, 2025, the undersigned demanded that Mr. White and his counsel withdraw their opposition brief pursuant to Federal Rule of Civil Procedure 11.

## II. ARGUMENT

### A. Mr. Aggenbach Is the Presumptive Lead Plaintiff Because He Possesses the Largest Financial Interest in the Action and Satisfies Rule 23's Adequacy and Typicality Requirements.

The PSLRA provides for a "rebuttable presumption" in favor of the movant with the "largest financial interest in the relief sought by the class" that "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Once triggered, this presumption effectively controls the lead plaintiff selection process. The presumption can be rebutted only upon "proof" that the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Mr. Aggenbach possesses the "largest financial interest in the relief sought by the class." He sustained a loss of approximately $250,000 compared to Mr. White who lost only $7,800. *Compare* ECF No. 38-2 (Aggenbach Loss Chart) *with* ECF No. 46-3 (White Loss Chart). Mr. Aggenbach's motion papers also make the necessary *prima facie* showing of adequacy and typicality. Mr. Aggenbach's claims are typical of those of other Class members because, like other Class members, he acquired Sable Offshore Corp. securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. Moreover, Mr. Aggenbach's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Lako v. Loandepot, Inc.*, No. 8:21-cv-01449-JLS-JDE, 2022 U.S. Dist. LEXIS 79063, at *20 (C.D. Cal. May 2, 2022) ("LaFrano's claims are based on the same legal theory and arise from the same events and course of conduct as the proposed class's claims, and the Court therefore concludes that LaFrano satisfies Rule 23(a)(3)'s typicality requirement.").

Mr. Aggenbach also satisfies Rule 23's adequacy requirement because his

interests are clearly aligned with the rest of the Class. *See Lako*, 2022 U.S. Dist. LEXIS 79063, at *20-21. He has no conflicts with other Class Members, nor is there evidence of antagonism between Mr. Aggenbach's interest and those of the Class. Furthermore, his advanced educational degree, experience in the stock market, and familiarity with the offshore oil and gas production industry make him well-suited to serve as the lead plaintiff in this action. *See* ECF No. 37 at 13 (Aggenbach opening brief); *see also* Declaration of Ferdinand Aggenbach, ¶2 (filed herewith). Mr. Aggenbach's interest in the case combined with his professional and educational background are sufficient to demonstrate adequacy at this stage in the case. *See Lako*, 2022 U.S. Dist. LEXIS 79063, at *20-21 (appointing retired HVAC specialist from New Jersey); *Peters v. Colony Credit Real Estate*, No. CV 20-8305 PSG (PVCx), 2020 U.S. Dist. LEXIS 259449, at *8 (C.D. Cal. Dec. 11, 2020) (adequacy demonstrated where "there [was] no conflict between the interest of CCIG and those of the class because both CCIG and the class seek to recover funds for purchases of Colony Credit common stock made pursuant to the merger").

Mr. Aggenbach's selection of Levi & Korsinsky, LLP as counsel further demonstrates his adequacy to serve as the lead plaintiff. The firm has been appointed to serve as lead counsel numerous times and has recovered hundreds of millions of dollars for investors. *See* ECF No. 38-4 (firm resume). Mr. Aggenbach's selection of skilled counsel underscores his adequacy to represent the class. *See*, *e.g.*, *Lowe v. Tandem Diabetes Care Inc.*, No. 3:23-cv-01657-H-BLM, 2023 U.S. Dist. LEXIS 217226, at *11 (S.D. Cal. Dec. 6, 2023) (noting Levi & Korsinsky as "well experienced in complex securities class action litigation and can represent the interests of the class"); *Thant v. Rain Oncology Inc.*, No. 5:23-cv-03518-EJD, 2023 U.S. Dist. LEXIS 196329, at *6 (N.D. Cal. Nov. 1, 2023) ("The Court has reviewed [Levi & Korsinsky, LLP's] resume[] and is satisfied with Dr. Thant's selection of counsel.").

**B.     Movant Jimmy Cleveland White Does Not Provide "Proof" that Mr. Aggenbach Is Unable to Represent the Class or Subject to Any Unique Defenses.**

Mr. Aggenbach filed a timely motion for lead plaintiff, possesses the largest financial interest in the action, and meets the typicality and adequacy requirements of Rule 23. Consequently, he is the "presumptive" lead plaintiff at this stage of the proceedings. *See Mersho*, 6 F.4th at 899. For Mr. White to rebut this presumption, he must adduce "proof" showing that Mr. Aggenbach "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)-(bb)). Mr. White's argument against Mr. Aggenbach, which based solely on a de minimis number of misidentified press releases issued by Levi & Korsinsky as a result of an inadvertent clerical oversight, does not fall into either of these buckets and, therefore, does not rebut Mr. Aggenbach's status as the "presumptive" lead plaintiff.

***First***, Mr. White argues that Mr. Aggenbach's should be disqualified for somehow not supervising the counsel's issuance of press releases that misidentified Levi & Korsinsky as the firm that filed the action. ECF No. 51, p. 6. As an initial matter, the press releases at issue occurred *before* Mr. Aggenbach retained Levi & Korsinsky as counsel. More importantly, Mr. White cites no legal support obligating shareholders to supervise or be responsible for their counsel's marketing efforts, such as outgoing press releases. A lead plaintiff's sole responsibility is to protect the interests of the absent class members by *inter alia* "supervis[ing] the conduct of the litigation." *See In re Cendant Securities Litig.*, 264 F.3d 201, 267 (3d Cir. 2001). *See also Milbeck v. TrueCar, Inc.*, No. 2:18-cv-02612-SVW-AGR, 2019 U.S. Dist. LEXIS 95372, at *11-13 (C.D. Cal. May 24, 2019) (certifying shareholder as adequate class representative); *Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM (PJWx), 2011 U.S. Dist. LEXIS 79795, at *37-39 (C.D. Cal. Mar.

15, 2011) (rejecting arguments that shareholder was unequipped to supervise counsel during litigation). Mr. Aggenbach, therefore, is not responsible for a clerical oversight unrelated to his representation of the class, especially considering that the oversight occurred before Mr. Aggenbach even retained Levi & Korsinsky as counsel.

**Second**, Mr. White falsely accuses counsel of intentionally violating Professional Rule 7.1 with no knowledge or evidentiary proof that the five misidentified press releases were anything other than an inadvertent clerical oversight. Mr. White further misleads the court by omitting the fact that Levi & Korsinsky issued other press releases in connection with this action, at or around the same time as the press releases identified by Mr. White, including press releases which contained titles such as:

- "Sable Offshore Corp. Class Action: Levi & Korsinsky Reminds Sable Offshore Corp. Investors of the Pending Class Action Lawsuit with a Lead Plaintiff Deadline of September 26, 2025 – SOC" (Sept. 5, 2025)
- "Class Action Alert: Levi & Korsinsky Reminds Sable Offshore Corp. (SOC) Investors of September 26, 2025 Deadline" (Sept. 8, 2025)
- "Investors in Sable Offshore Corp. (SOC): Protect Your Rights - Contact Levi & Korsinsky Before September 26, 2025" (Sept. 12, 2025)
- "SOC LAWSUIT ALERT: Levi & Korsinsky Notifies Sable Offshore Corp. Investors - Lead Plaintiff Deadline September 26, 2025" (Sept. 15, 2025)
- "September 26, 2025 Deadline Approaching: Join Class Action Against Sable Offshore Corp. (SOC) - Contact Levi & Korsinsky" (Sept. 18, 2025)
- "Lost Money on Sable Offshore Corp. (SOC)? Contact Levi & Korsinsky to Join Class Action Before September 26, 2025" (Sept. 21, 2025)
- "Class Action Filed Against Sable Offshore Corp. (SOC) Over Securities Violations - Contact Levi & Korsinsky Today" (Sept. 25, 2025)

- "Levi & Korsinsky Notifies Sable Offshore Corp. (SOC) Investors - Lead Plaintiff Deadline on September 26, 2025" (Sept. 26, 2025)[2]

Mr. White further fails to mention (either because he failed to fact-check his argument or intentionally concealed the information from the Court) that the number of press releases at issue was a *de minimis* number of the total press releases issued by Levi & Korsinsky for this case (and an even smaller number of press releases issued for this case by other firms, including Mr. White's counsel). Given this full context, it is obvious that counsel had no intention to mislead but, rather, the press releases in question were the result of a clerical oversight.

Mr. White also references an article written by counsel dated July 30, 2025. The article correctly describes the complaint's allegations, the proposed class period, and the alleged theory of liability. *See* ECF No. 52-1, pp. 8-9. Mr. White's only concern about the article relates to the third-to-last sentence which states that Levi & Korsinsky is "[r]epresenting the plaintiffs." *See id*. at 9. Here too, Mr. White has no basis to claim that counsel intended to mislead or that the article was part of an intentional scheme. In fact, by the date of this article, the firm had already spoken with nearly half a dozen potential class members and committed itself privately and publicly to pursuing the action on behalf of investors. Nothing about the article misrepresented Levi & Korsinsky or the services it would provide to investors. *See c.f. Thury v. Thury*, No. 17-cv-00637-MEJ, 2017 U.S. Dist. LEXIS 108120, at *3-4 (N.D. Cal. July 12, 2017) (denying motion to disqualify counsel where communication did not violate Rule of Professional Conduct 1-400 regarding misleading communications).[3]

Counsel's press releases and other materials are expressly permitted under the PSLRA and applicable case law. *See Guohua Zhu v. UCBH Holdings, Inc.*, 682

---

[2] Copies of the above-listed press releases are attached to the accompanying Supplemental Declaration of Adam M. Apton filed herewith as Exhibits A-H.

[3] While there was certainly no intent to mislead shareholders, Levi & Korsinsky has taken steps to further clarify any future articles.

F. Supp. 2d 1049, 1054-55 (N.D. Cal. 2010) (rejecting accusation of inadequacy against law firm that issued press releases soliciting shareholders for lead plaintiff); *see also Knisley v. Network Assocs.*, 77 F. Supp. 2d 1111, 1114-15 (N.D. Cal. 1999) (holding that notices did not violate PSLRA or rules of professional conduct but that in any event, the "relevant question" was "whether such conduct renders [movant] less than adequate to represent the plaintiffs"). Also, Mr. Aggenbach was fully aware that counsel did not commence this action initially but instead retained Levi & Korsinsky only after conducting research into the firm's experience and determining they were qualified to represent the class going forward. *See* Declaration of Ferdinand Aggenbach at ¶5.

"[T]hese are not the kind of errors that courts . . . typically view as demonstrating a movant's inadequacy to serve as lead plaintiff." *In re Spero Therapeutics, Inc. Sec. Litig.*, No. 22-CV-3125 (LDH) (RLM), 2022 U.S. Dist. LEXIS 168778, at *22 (E.D.N.Y. Sep. 19, 2022). "[T]hey do nothing to rebut the presumption that [Mr. Aggenbach] is the most adequate lead plaintiff." *Woburn Ret. Sys. v. Salix Pharms., Ltd.*, No. 14-CV-8925 (KMW), 2015 U.S. Dist. LEXIS 36409, at *14 (S.D.N.Y. Mar. 23, 2015) (rejecting evidence of atypicality and/or inadequacy because it was "wholly unrelated" to movant's financial loss). "Despite [Mr. White's] allegations of wrongdoing, there has been no showing that [Mr. Aggenbach's] interests are antagonistic to those of the proposed class. On the contrary, [Mr. Aggenbach] has a significant financial interest that should ensure vigorous advocacy on behalf of the class." *Sanchez v. Arrival SA*, No. 22-cv-172 (DG), 2022 U.S. Dist. LEXIS 244380, at *24 (E.D.N.Y. Apr. 15, 2022) (internal quotations and citations omitted). In short, Mr. White does not explain how counsel's press releases render Mr. Aggenbach vulnerable to "unique defenses" or otherwise prove he is unable to fairly represent the class. *See* ECF No. 51 at 5. *See also GGCC, LLC v. Dynamic Ledger Sols., Inc.*, No. 17-cv-06779-RS, 2018 U.S. Dist. LEXIS 43728, at *19-20 (N.D. Cal. Mar. 16, 2018) (holding mistakes made

by counsel did not disqualify shareholder from being lead plaintiff in light of "significant financial interest" and satisfaction of Rule 23's "typicality and adequacy requirements").

## III. CONCLUSION

For the foregoing reasons, Mr. Aggenbach respectfully requests that the Court grant his Motion and enter an order: (1) appointing Mr. Aggenbach as Lead Plaintiff; and (2) approving Levi & Korsinsky as Lead Counsel for the Class.

Dated: October 13, 2025                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
aapton@zlk.com
515 South Flower Street
18th and 19th Floors
Los Angeles, CA 90071
Tel: (213) 985-7290

*Proposed Lead Counsel for Ferdinand Aggenbach*

# CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 515 South Flower Street, 18th and 19th Floors, Los Angeles, CA 90071. I am over the age of eighteen.

On October 13, 2025, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF FERDINAND AGGENBACH'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on October 13, 2025.

                                             */s/ Adam M. Apton*
                                             Adam M. Apton

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Ferdinand Aggenbach, certifies that this brief contains 2,564 words, which complies with the word limit of L.R. 11-6.1. Executed this 13th day of October, 2025.

　　　　　　　　　　　　　　　　　*/s/ Adam M. Apton*
　　　　　　　　　　　　　　　　　Adam M. Apton