LATHAM & WATKINS LLP
Colleen C. Smith (SBN 231216)
  colleen.smith@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400

Kristin N. Murphy (SBN 268285)
  kristin.murphy@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235

*Counsel for Defendants Sable Offshore Corp.,
James C. Flores, and Gregory D. Patrinely*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY JOHNSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SABLE OFFSHORE CORP., JAMES C. FLORES, GREGORY D. PATRINELY, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, JEFFERIES LLC, TD SECURITIES (USA) LLC, THE BENCHMARK COMPANY, L.L.C., JOHNSON RICE & COMPANY, L.L.C., PEP ADVISORY LLC, ROTH CAPITAL PARTNERS, LLC, and TUOHY BROTHERS INVESTMENT RESEARCH, INC.,<br><br>Defendants, | Case No.  2:25-cv-06869-SVW-PVC<br><br>**DEFENDANTS SABLE OFFSHORE CORP., JAMES C. FLORES, AND GREGORY D. PATRINELY'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Stephen V. Wilson<br>Hearing Date: January 5, 2026<br>Time: 1:30 p.m. |

## I.   INTRODUCTION

Defendants Sable Offshore Corp. ("Sable"), James C. Flores, and Gregory D. Patrinely (together, "Defendants") respectfully request that the Court consider eleven documents submitted in connection with their Motion to Dismiss the Amended Class Action Complaint ("Motion") and attached to the contemporaneously filed Declaration of Kristin N. Murphy ("Murphy Declaration" or "Murphy Decl."). These materials are incorporated by reference into the Amended Class Action Complaint ("Complaint"), Dkt. No. 71, subject to judicial notice under Rule 201 of the Federal Rules of Evidence, or both.

1. **Exhibit 1** is a true and correct excerpted copy of Sable's Form 10-K for the fiscal year ended December 31, 2024, filed with the Securities and Exchange Commission ("SEC") on March 17, 2025, and publicly available at https://www.sec.gov/Archives/edgar/data/1831481/00018 3148125000016/socc-20241231.htm.

2. **Exhibit 2** is a true and correct excerpted copy of a Form 8-K, including excerpted exhibits, filed with the SEC on February 14, 2024, and publicly available at https://www.sec.gov/ix?doc=/ Archives/edgar /data/1831481/000119312524036506/d737623d8k.htm.

3. **Exhibit 3** is a true and correct copy of a Consent Decree entered into by the United States, the State of California, Plains Pipeline, L.P., and Plains All American Pipeline, L.P., and Plains Pipeline, L.P., filed on March 13, 2020, in the Central District of California, Case No. 2:20-cv-02415, Docket No. 6-1, and publicly available on the Environmental Protection Agency's website at https://www.epa.gov/sites/default/files /2020-03/documents/plainsallamericanpipelinelp.pdf.

4. **Exhibit 4** is a true and correct excerpted copy of the complaint filed by Sable et al. against the California Coastal Commission in the Superior Court of the State of California for the County of Santa Barbara, filed on February 18, 2025, Case No. 25CV00974, which in turn attached as Exhibit E to the complaint a letter from Lisa Plowman, Director of Planning and Development for Santa Barbara County to Steve Rusch,

Sable's Vice President of Environmental & Governmental Affairs, on February 12, 2025.

5. **Exhibit 5** is a true and correct excerpted copy of the complaint by the Center for Biological Diversity et al. against the California Department of Forestry and Fire Protection, the Office of the State Fire Marshal, and Daniel Berlant, in his official capacity as State Fire Marshal, filed on April 15, 2025 in the Superior Court of the State of California for the County of Santa Barbara, Case No. 25CV02244.

6. **Exhibit 6** is a true and correct excerpted copy of the complaint by Environmental Defense Center et al. against the California Department of Forestry and Fire Protection, the Office of the State Fire Marshal, and Daniel Berlant, in his official capacity as State Fire Marshal, filed on April 15, 2025, in the Superior Court of the State of California for the County of Santa Barbara, Case No. 25CV02247.

7. **Exhibit 7** is a true and correct excerpted copy of a Form 8-K attaching a press release Sable filed with the SEC on May 19, 2025, and publicly available at https://www.sec.gov/ix?doc=/Archives/edgar/data/1831481/000119312525122079/d943067d8k.htm.

8. **Exhibit 8** is a true and correct copy of a Rule 424(b)(5) Prospectus Supplement Sable filed with the SEC on May 22, 2025, and publicly available at https://www.sec.gov/Archives/edgar/data/1831481/000162828025027257/final424b5-takedown2025.htm.

9. **Exhibit 9** is a true and correct copy of an article by Hunterbrook Media titled "Exclusive: Exxon Spinout Sable Leaked Key Info to Investor Including Golfer Phil Mickelson" dated October 31, 2025, and publicly available at https://hntrbrk.com/sable-2/.

10. **Exhibit 10** is a true and correct excerpted copy of a Form 8-K attaching a press release Sable filed with the SEC on November 3, 2025, and publicly available at https://www.sec.gov/ix?doc=/Archives/edgar/data/1831481/000183148125000092/socc-20251103.htm.

11. **Exhibit 11** is a true and correct excerpted copy of a Form 8-K attaching a press release Sable filed with the SEC on September 29, 2025, and

publicly available at https://www.sec.gov/ix?doc=/Archives/edgar/data/1831481/000183148125000071/socc-20250929.htm.

Each of these documents may be considered by the Court. *First*, Exhibits 3 and 7-10 are incorporated by reference into the Complaint and may be considered when resolving the Motion. *Second*, each Exhibit is properly subject to judicial notice under Federal Rule of Evidence 201 because each is a matter of public record or otherwise publicly available, and each can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

## II.    LEGAL STANDARD

When resolving a motion to dismiss a complaint under the Private Securities Litigation Reform Act, this Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  In other words, the Court may look at documents beyond the four corners of the Complaint to rule on Defendants' Motion if the document is either: (i) incorporated by reference into the complaint; or (ii) capable of judicial notice.  *See id.*; *see also Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1185 (9th Cir. 2021) ("We may also consider 'materials incorporated into the complaint by reference' and any 'matters of which we may take judicial notice.'"); *Diaz v. N. Dynasty Minerals Ltd.*, 2019 WL 1873291, at *3 (C.D. Cal. Feb. 22, 2019) ("The Supreme Court has explicitly noted the importance of considering such materials in evaluating a securities complaint.").

## III.    ARGUMENT

### A.    Exhibits 3 and 7-10 are Extensively Referenced and Relied Upon in the Complaint and are Therefore Incorporated by Reference

A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of plaintiff's claim."  *Khoja v.*

*Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Even when not extensively referenced, a document may still be incorporated by reference if the plaintiff's "claim necessarily depend[s] on [the document]." *Id*. Documents incorporated by reference are treated as "part of the complaint, and thus [the Court] may assume that its contents are true for the purposes of a motion to dismiss under Rule 12(b)(6)." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal citation omitted). Incorporating documents by reference prevents plaintiffs from "only [citing] portions of documents that support their claims, while omitting portions" that do not. *Khoja*, 899 F.3d at 1002.

Here, Exhibits 3 and 7-10 meet these standards:

- **Exhibit 3, the Consent Decree, is necessarily relied upon.** Exhibit 3 is the Consent Decree involving the United States, California, and Plains All American Pipeline, L.P, the previous owners of Sable's onshore pipelines. The Consent Decree is necessarily relied upon because Plaintiffs challenge Sable's statement that it "completed its anomaly repair[s] . . . *as specified by the Consent Decree*." ¶ 39 (emphasis added); *see also* ¶ 57 (additional references to the Consent Decree).

- **Exhibit 7, Sable's May 19, 2025 Form 8-K, is extensively referenced and necessarily relied upon.** Exhibit 7 is a Form 8-K Sable filed on May 19, 2025, attaching a press release including challenged statements. Exhibit 7 is incorporated by reference because it is: (i) referenced extensively, *see* ¶¶ 38-41, 43, 48, and (ii) necessarily relied upon by virtue of containing multiple challenged statements, ¶¶ 38-43; *see also Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *5 (C.D. Cal. Mar. 5, 2021) (incorporating by reference an 8-K that contained the "misrepresentations or omissions that form the basis of Plaintiff's claim").

- **Exhibit 8, Sable's May 22, 2025, Prospectus is extensively referenced and necessarily relied upon.** Exhibit 8 is a prospectus Sable filed on May 22, 2025, including challenged statements. ¶¶ 45-48. Exhibit 8 is incorporated by reference because it is: (i) referenced extensively, ¶¶ 45-48, and (ii) necessarily relied upon by virtue of containing multiple challenged statements, ¶¶ 38-43; *see also Sanders v. Realreal, Inc.*, 2021

WL 1222625, at *4-5 (N.D. Cal. Mar. 31, 2021) (incorporating by reference "documents the Company filed with the SEC," because plaintiffs "repeatedly refe[r] to excerpts of these exhibits to support their claims").

- **Exhibit 9, the Hunterbrook Article, is extensively referenced and necessarily relied upon.** Exhibit 9 is a news article published by Hunterbrook Media on October 31, 2025, which Plaintiffs cite in numerous parts of their complaint. ¶¶ 59-63, 67. Exhibit 9 is incorporated by reference because it is: (i) referenced extensively, ¶¶ 59-63, 67, and (ii) necessarily relied upon for Plaintiffs' allegations about falsity, scienter, and loss causation, ¶¶ 59-63, 67; *see also Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 593 (N.D. Cal. 2019) (incorporating by reference "news articles the [complaint] identifie[d] as corrective disclosures").

- **Exhibit 10, Sable's November 3, 2025 Form 8-K is necessarily relied upon.** Exhibit 10 is a Form 8-K filed on November 3, 2025, attaching a press release containing alleged corrective disclosures. Because Exhibit 10 contains an alleged corrective disclosure, Plaintiffs' claims necessarily rely upon this document and it is incorporated by reference. ¶ 63; *see Garcia*, 2021 WL 1558331, at *5 (incorporating by reference documents that allegedly "revealed the truth" because they "form[ed] the basis of Plaintiff's claim").

## B. All Exhibits are Properly Subject to Judicial Notice

Courts may take judicial notice of matters that are "not subject to reasonable dispute" because they are (1) "generally known"; or (2) can be "determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The documents submitted in connection with Defendants' Motion may be considered by the Court because each document is also subject to judicial notice. Exhibits 1-11 are SEC filings, documents filed in State or Federal court, or news articles. Each document is publicly available, and each can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed.

R. Evid. 201(b); *Khoja*, 899 F.3d at 999 ("Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is not subject to reasonable dispute.").

**SEC Filings (Exhibits 1, 2, 7, 8, 10, and 11).**  Courts routinely take judicial notice of public SEC filings in connection with motions to dismiss in securities class action cases.  *See Metzler Inv. GMBH v. Corinthian Colleges Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (holding SEC filings are subject to judicial notice); *In re YogaWorks, Inc. Sec. Litig.*, 2020 WL 2549290, at *1 n.1 (C.D. Cal. Apr. 23, 2020) (taking judicial notice of SEC filings); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 902 (C.D. Cal. 2011) (courts are permitted "to judicially notice SEC filings") Exhibits 1, 2, 7, 8, 10, and 11 are Form 8-Ks, a Prospectus, or a Form 10-K filed with the SEC.  These documents are publicly available on the SEC's website.  None is subject to reasonable dispute, and each is capable of accurate and ready determination via the SEC's public website at www.sec.gov/edgar.  The Court should therefore take judicial notice of "what statements the documents contain." *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005); *see also Patel v. Parnes,* 253 F.R.D. 531, 546 (C.D. Cal. 2008) (explaining that judicial notice of SEC filings is proper "for the purpose of determining what statements the documents contain").

**Court Pleadings and Orders (Exhibits 3, 4, 5, 6).**  Courts may take judicial notice of "undisputed matters of public record, including documents on file in federal or state courts."  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted); *see also United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts.") Exhibit 3 is a consent decree filed in federal court,[1] and Exhibits 4, 5, and 6 are

---

[1] The court may also take judicial notice of Exhibit 3, the Consent Decree, because it is a public document on the Environmental Protection Agency's website. https://www.epa.gov/sites/default/files/2020-03/documents/plainsallamericanpipelinelp.pdf; *see Ariz. Libertarian Party v. Reagan*, 798 F.3d 723, 727 n.3 (9th Cir. 2015) (We may take judicial notice of 'official information posted on a governmental website, the accuracy of which is undisputed) (internal quotes omitted).

complaints filed in Santa Barbara Superior Court, some of which attached exhibits in support of the allegations. Each is publicly available, and the Court should take judicial notice that these court filings exist and contain the information referenced within. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (taking judicial notice of "pleadings, memoranda, [and] expert reports" filed in a different case); *Swartzendruber v. Colony Cap., Inc.*, 2020 WL 7754008, at *3 (C.D. Cal. Dec. 10, 2020); *see also Gammel v. Hewlett-Packard Co.*, 2013 WL 1947525, at *5 (C.D. Cal. May 8, 2013) (taking judicial notice of the existence and content of court filings, but not that the allegations within those filings were true).

**News Articles and Online Publications (Exhibit 9).** Courts may take judicial notice of publicly available news articles when the news articles are offered for the fact that they were publicly available and contain the statements therein. *See, e.g.*, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of "the fact that various newspapers, magazines, and books have published information . . . as an indication of what information was in the public realm at the time"); *Ardolino v. Mannkind Corp.*, 2016 WL 4505172, at *4 (C.D. Cal. Aug. 23, 2016) ("Federal courts routinely take judicial notice of press releases, news articles, SEC filings, and conference call transcripts cited in securities complaints."). Exhibit 9 is a news article published by Hunterbrook Media and available online. It is judicially noticeable to establish that the statements in the article were publicly available.

## IV. CONCLUSION

Defendants respectfully request that the Court consider Exhibits 1-11 in assessing Defendants' Motion.

Dated: November 24, 2025

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: */s/ Kristin N. Murphy*
Kristin N. Murphy (SBN 268285)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: +1.714.540.1235
Email: kristin.murphy@lw.com

Colleen C. Smith (SBN 231216)
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Email: colleen.smith@lw.com

*Counsel for Defendants*
*Sable Offshore Corp., James C.*
*Flores and Gregory D. Patrinely*