Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY JOHNSON, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SABLE OFFSHORE CORP., JAMES C. FLORES, GREGORY D. PATRINELY, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, TD SECURITIES (USA) LLC, THE BENCHMARK COMPANY, LLC, JOHNSON RICE & COMPANY, L.L.C., PEP ADVISORY LLC, ROTH CAPITAL PARTNERS, LLC, and TUOHY BROTHERS INVESTMENT RESEARCH, INC., <br><br> Defendants. | No. 2:25-CV-06869-SVW <br><br> **PLAINTIFFS' NOTICE OF INTENT TO FILE SECOND AMENDED COMPLAINT** <br><br> <u>CLASS ACTION</u> <br><br> JURY TRIAL DEMANDED |

NOTICE OF INTENT TO FILE SECOND AMENDED COMPLAINT

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Lead Plaintiff Jimmy Cleveland White and named plaintiffs Tracy Johnson and Jake Stewart ("Plaintiffs") will serve and file a second amended complaint by December 15, 2025 as a matter of course as permitted by Federal Rule of Civil Procedure 15(a)(1).

Rule 15(a) provides:

(1) **Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Defendants served their motion to dismiss pursuant to Rule 12(b) on November 24, 2025. ECF 73. Plaintiffs have not previously served an amended pleading as of right in this action. Accordingly, Plaintiffs may serve an amended complaint as of right by December 15, 2025 – which is 21 days after service of the motion to dismiss. Fed. R. Civ. P. 15(a)(1).

The fact that Plaintiffs previously served an amended complaint (ECF 71) pursuant to Rule 15(a)(2) does not exhaust Plaintiffs' right to serve an amended complaint pursuant to Rule 15(a)(1). The Ninth Circuit's decision in *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015) under identical circumstances is particularly instructive. In *Ramirez,* the Ninth Circuit held that a plaintiff who served an amended complaint pursuant to Rule 15(a)(2) did not

NOTICE OF INTENT TO FILE SECOND AMENDED COMPLAINT

exhaust his right to serve a second amended complaint as of right under Rule 15(a)(1). *Id*., at 1006. As the Ninth Circuit explained, "Rule 15 is organized substantively, not chronologically. It does not prescribe any particular sequence for the exercise of its provisions. That is, it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), ***nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made***." *Id.*, at 1007 (emphasis added). Reversing the district court's order striking the second amended complaint, the Ninth Circuit held that the second amended complaint – filed 21 days after the defendants served their motion to dismiss – was timely filed. *Id.*, at 1008; *see also Martinez v. Robinhood Crypto LLC*, 2022 WL 18932814, at *1 (C.D. Cal. Nov. 16, 2022) (holding the plaintiff could file third amended complaint as of right after filing a first amended complaint pursuant to stipulation with the defendants and a second amended complaint with leave of the court).

Nor does Plaintiffs' failure to file an opposition to Defendants' motion to dismiss exhaust their right to amend under Rule 15(a)(1). Again, the Ninth Circuit's decision in *Ramirez* under identical circumstances is instructive. *Ramirez*, 806 F.3d, at 1008. In *Ramirez*, Central District of California Local Rule 7–9, required the plaintiff to file an opposition to the defendants' motion to dismiss or file a written statement confirming he would not oppose the motion by June 3, 2013. *Id*., at 1004. Plaintiff failed to file any response to the motion to dismiss. *Id*. Instead, the plaintiff filed a second amended complaint on June 12 – which was 21 days after the defendants served their motion to dismiss. *Id*. The district court granted the motion to dismiss, relying upon Local Rule 7–12, which provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion...." *Id*. ("without considering the merits of the Plaintiff's First Amended Complaint, the

2

NOTICE OF INTENT TO FILE SECOND AMENDED COMPLAINT

district court deemed the Plaintiff's silence as his consent to the granting of the Defendants' motion to dismiss.").

The Ninth Circuit reversed the district court's grant of the motion to dismiss, holding that granting the motion to dismiss under Local Rule 7-12 "deprived the Plaintiff of his right to file an amended complaint under Rule 15." *Ramirez*, 806 F.3d, at 1008. Further, the Ninth Circuit held that the "district court erred in permitting a local rule to trump the governing federal rule" because "[i]f in conflict, the Local Rule must yield to the federal rule." *Id*. (citing *Colgrove v. Battin*, 413 U.S. 149, 161 n. 18, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973). "[T]he Court cannot dismiss an action under a Local Rule where Plaintiff may still timely act under the Federal Rules of Civil Procedure." *Holguin v. Residential Credit Servs., Inc.*, 2016 WL 7486280, at *2 (C.D. Cal. May 24, 2016) ("while the Local Rules require Plaintiff to file his opposition twenty-one days prior to the hearing date, the Federal Rules allow Plaintiff, in the alternative, to amend his complaint and thereby render RCS's motion moot").

Plaintiffs will timely file their second amended complaint as of right, which will supersede the first amended complaint and moot Defendants' motion to dismiss. *See Ramirez*, 806 F.3d, at 1008 ("the Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it.").

NOTICE OF INTENT TO FILE SECOND AMENDED COMPLAINT

Dated: December 4, 2025

**THE ROSEN LAW FIRM, P.A.**
/s/ Daniel Tyre-Karp
Daniel Tyre-Karp (pro hac vice)
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: dtyrekarp@rosenlegal.com


Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs*

4

NOTICE OF INTENT TO FILE SECOND AMENDED COMPLAINT