Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY JOHNSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SABLE OFFSHORE CORP., JAMES C. FLORES, GREGORY D. PATRINELY, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, TD SECURITIES (USA) LLC, THE BENCHMARK COMPANY, LLC, JOHNSON RICE & COMPANY, L.L.C., PEP ADVISORY LLC, ROTH CAPITAL PARTNERS, LLC, and TUOHY BROTHERS INVESTMENT RESEARCH, INC.,<br><br>Defendants. | No. 2:25-CV-06869-SVW<br><br>**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' NOTICE OF INTENT TO FILE SECOND AMENDED COMPLAINT**<br><br><u>CLASS ACTION</u> |

On December 4, 2025, Plaintiffs filed a notice (ECF 76) ("Notice") stating that they would file a Second Amended Complaint ("SAC") as a matter of course, as permitted by Federal Rule of Civil Procedure 15(a)(1), in lieu of responding to Defendants' motion to dismiss. On December 8, 2025, Plaintiffs filed the SAC. ECF 77. The SAC was timely served and filed under Rule 15(a)(1) because it was served withing 21 days of Defendants' Rule 12(b) motion to dismiss (ECF 73).

Rule 15(a) provides:

> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

As Plaintiffs explained in the Notice, the fact that Plaintiffs previously served an amended complaint (ECF 71) pursuant to Rule 15(a)(2) did not exhaust Plaintiffs' right to serve an amended complaint pursuant to Rule 15(a)(1). Notice at 1-2 (citing *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015)). The filing of the SAC superseded the FAC and mooted Defendants' motion to dismiss. *See* Notice at 3.

Defendants' response to the Notice (ECF 78) ("Response") asserts that the SAC is "facially defective" because Plaintiffs already exhausted their Rule 15(a)(1) amendment when they filed the FAC. Response at 2. Specifically, the Response claims that "Plaintiffs never requested from the Court, and the Court

never granted, leave to file the First Amended Complaint." *Id.*, at 1. Defendants are wrong, and the Response misapplies the law and misstates the facts.

As the procedural background makes clear, the Court granted Plaintiffs leave to file the FAC. On July 28, 2025, Tracy Johnson filed the initial complaint in this action. ECF 1. On September 5, 2025, the parties filed a stipulation extending Defendants' time to respond to the initial complaint. ECF 13. The stipulation stated that "[w]ithin fourteen (14) days of the Court's appointment of the Lead Plaintiff and Lead Counsel, the court-approved Lead Counsel and counsel for Defendants will meet and confer and submit a proposed schedule for the filing of an amended or consolidated complaint or designating the operative complaint and Defendants' response." *Id.*, at 3-4. On September 23, 2025, the Court so-ordered the Stipulation. ECF 35.

At the October 27, 2025 hearing, the Court appointed Jimmy Cleveland White as Lead Plaintiff and the Rosen Law Firm, P.A. ("RLF") as Lead Counsel. ECF 66. At the hearing, RLF stated that the next step will be "to confer with Defendants and set a schedule for the briefing or for the filing of an amended complaint and briefing a motion to dismiss." Tr. at 20:1-6. The Court indicated that there was no need for the parties to meet and confer and that Defendants should file their motion to dismiss the initial complaint within 14 days. *Id.*, at 22:10-18. Counsel for Defendants stated "I believe the newly appointed lead plaintiff intends to file an amended complaint," and RLF confirmed that it intended to file an amended complaint. *Id.*, at 22:19-23. The Court asked RLF about the substance of its intended amendment and when Lead Plaintiff intended to file the amended complaint. *Id.*, at 22:14 to 23:14. RLF stated "[w]e're hoping to get 30 days to file," and the Court responded "***I'll give you 14 days.***" *Id.*, at 23:15-20.

On October 27, 2025, the Court entered a minute order granting Plaintiffs leave to file the FAC. ECF 66 ("The Plaintiff has 14 days from this Order (November 10, 2025) to file their Amended Complaint."). Plaintiff timely filed the FAC on November 10, 2025. ECF 71.

First, as a matter of law, Plaintiffs cannot have filed the FAC as a matter of right under Rule 15(a)(1) because the Court gave Plaintiffs less time to file the FAC than Rule 15(a)(1)(B) requires. Under Rule 15(a)(1)(B), Plaintiffs had the right to file an amended complaint within 21 days of Defendants filing a responsive pleading or a motion to dismiss the initial complaint. Defendants had not yet filed any responsive pleading or motion as of October 27, 2025, which means Plaintiffs had at least 21 days from that date to amend as of right. The Court gave Plaintiffs only 14 days to file the FAC, and the Court cannot reduce Plaintiffs' time to file as afforded by the Federal Rules. *C.f. Lambert v. Nutraceutical Corp.*, 783 F. App'x 720, 722 (9th Cir. 2019) ("whatever the scope of this inherent power [of federal courts to formulate procedural rules], it does not include the power to develop rules that circumvent or conflict with the Federal Rules.") (quoting *United States v. W.R. Grace*, 526 F.3d 499, 511 (9th Cir. 2008)). Accordingly, the October 27 Order cannot have been the Court setting a deadline for Plaintiffs to file the FAC as of right under Rule 15(a)(1) and must have been the Court granting Plaintiffs leave to amend under Rule 15(a)(2). Defendants do not – and cannot – argue that filing an amended complaint pursuant to Rule 15(a)(2) exhausted their right to later file an amended complaint pursuant to Rule 15(a)(1).[1]

---

[1] The Response mistakenly relies on the inapposite decision in *Neyra v. Mercedes-Benz USA, LLC*, 2022 WL 19432589, at *1-*3 (C.D. Cal. May 24, 2022). Response at 2. In *Neyra*, the court held that the plaintiff's first amended complaint was filed as of right because the plaintiff filed the complaint without advising the court that it intended to amend and without any input or guidance from the court. *Id*. Here, Plaintiffs discussed the substance of the proposed amendment with the Court, and the Court gave Plaintiffs leave to file an amended complaint within 14 days.

Second, the context of the October 27 hearing makes clear that the Court granted Plaintiffs leave to amend. The Court asked Plaintiffs about the substance of the proposed amendment, which would be irrelevant if Plaintiffs were amending as of right. After RLF explained the contours of the proposed amendment, the Court said "I'll give you 14 days." A common sense interpretation of "give" is the granting of leave.

Finally, in the event the Court does find that Plaintiffs require leave of the Court to file the SAC, Plaintiffs respectfully request permission to move for leave to file the SAC. "[T]he underlying purpose of Rule 15" is "to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In the Ninth Circuit, "the policy of freely granting leave to amend should 'be applied with extreme liberality.'" *City of Fernley v. Conant*, 2023 WL 2549792, at *2 (9th Cir. Mar. 17, 2023) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)). Here, Plaintiffs have not acted in bad faith or with undue delay, Defendants would not face any substantial prejudice, and the SAC is not futile. *See, e.g., Molina v. Rite Aid*, 2019 WL 121194, at *1 (C.D. Cal. Jan. 7, 2019) (Wilson, J.) ("Given the liberal policy regarding Rule 15 amendments, the fact that this case is in its early stages, and the fact that Plaintiff filed this motion only days after he lost his ability to amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B), the Court GRANTS Plaintiff's motion for leave to file an amended complaint and accepts Plaintiff's proposed First Amended Complaint as the First Amended Complaint.").

Dated: December 10, 2025        **THE ROSEN LAW FIRM, P.A.**
                                /s/ Daniel Tyre-Karp
                                Daniel Tyre-Karp (pro hac vice)

275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: dtyrekarp@rosenlegal.com

Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs*