LATHAM & WATKINS LLP
Colleen C. Smith (SBN 231216)
 colleen.smith@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400

Kristin N. Murphy (SBN 268285)
 kristin.murphy@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235

*Counsel for Defendants Sable Offshore Corp.,
James C. Flores, and Gregory D. Patrinely*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY JOHNSON, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SABLE OFFSHORE CORP., JAMES C. FLORES, and GREGORY D. PATRINELY, <br><br> Defendants. | Case No.  2:25-cv-06869-SVW-PVC <br><br> **DEFENDANTS SABLE OFFSHORE CORP., JAMES C. FLORES, AND GREGORY D. PATRINELY'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT** <br><br> Judge: Hon. Stephen V. Wilson <br> Hearing Date: February 9, 2026 <br> Time: 1:30 p.m. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

CASE NO. 2:25-cv-06869-SVW-PVC
REQUEST FOR JUDICIAL NOTICE ISO MOT. TO
DISMISS SECOND AM. CLASS ACTION COMPL.

## I.    INTRODUCTION

Defendants Sable Offshore Corp. ("Sable"), James C. Flores, and Gregory D. Patrinely (together, "Defendants") respectfully request that the Court consider sixteen documents submitted in connection with their Motion to Dismiss the Second Amended Class Action Complaint ("Motion") and attached to the contemporaneously filed Declaration of Kristin N. Murphy ("Murphy Declaration" or "Murphy Decl."). These materials are incorporated by reference into the Second Amended Class Action Complaint ("Complaint"), Dkt. No. 77, subject to judicial notice under Rule 201 of the Federal Rules of Evidence, or both.

1.    **Exhibit 1** is a true and correct excerpted copy of the Form 10-K for the fiscal year ended December 31, 2024, Sable filed with the Securities and Exchange Commission ("SEC") on March 17, 2025, and publicly available at https://www.sec.gov/Archives/edgar/data/1831481/00018 3148125000016/socc-20241231.htm.

2.    **Exhibit 2** is a true and correct excerpted copy of a Form 8-K, including excerpted exhibits, Sable filed with the SEC on February 14, 2024, and publicly available at https://www.sec.gov/ix?doc=/Archives/edgar/data /1831481/000119312524036506/d737623d8k.htm.

3.    **Exhibit 3** is a true and correct copy of a Consent Decree entered into by the United States, the State of California, Plains Pipeline, L.P., and Plains All American Pipeline, L.P., and Plains Pipeline, L.P., filed on March 13, 2020, in the United States District Court for the Central District of California, Case No. 2:20-cv-02415, Docket No. 6-1, and publicly available on the Environmental Protection Agency's website at https://www.epa.gov/sites/default/files/2020-03/documents/plainsall americanpipelinelp.pdf.

4.    **Exhibit 4** is a true and correct excerpted copy of the complaint filed by Sable et al. against the California Coastal Commission, which in turn attached as Exhibit E to the complaint a letter from Lisa Plowman, Director of Planning and Development for Santa Barbara County to Steve Rusch, Sable's Vice President of Environmental &

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW

1

CASE NO. 2:25-cv-06869-SVW-PVC
REQUEST FOR JUDICIAL NOTICE ISO MOT. TO
DISMISS SECOND AM. CLASS ACTION COMPL.

Governmental Affairs, on February 12, 2025, in the Superior Court of the State of California for the County of Santa Barbara, filed on February 18, 2025, Case No. 25CV00974.

5.      **Exhibit 5** is a true and correct excerpted copy of the complaint filed by the Center for Biological Diversity et al. against the California Department of Forestry and Fire Protection, the Office of the State Fire Marshal, and Daniel Berlant, in his official capacity as State Fire Marshal, on April 15, 2025, in the Superior Court of the State of California for the County of Santa Barbara, Case No. 25CV02244.

6.      **Exhibit 6** is a true and correct excerpted copy of the complaint filed by Environmental Defense Center et al. against the California Department of Forestry and Fire Protection, the Office of the State Fire Marshal, and Daniel Berlant, in his official capacity as State Fire Marshal, on April 15, 2025, in the Superior Court of the State of California for the County of Santa Barbara, Case No. 25CV02247.

7.      **Exhibit 7** is a true and correct excerpted copy of a Form 8-K attaching a press release Sable filed with the SEC on May 19, 2025, and publicly available at https://www.sec.gov/ix?doc=/Archives/edgar/data/1831481/000119312525122079/d943067d8k.htm.

8.      **Exhibit 8** is a true and correct copy of a Rule 424(b)(5) Prospectus Supplement Sable filed with the SEC on May 22, 2025, and publicly available at https://www.sec.gov/Archives/edgar/data/1831481/000162828025027257/final424b5-takedown2025.htm.

9.      **Exhibit 9** is a true and correct copy of an article by Hunterbrook Media titled "Exclusive: Exxon Spinout Sable Leaked Key Info to Investor Including Golfer Phil Mickelson" dated October 31, 2025, and publicly available at https://hntrbrk.com/sable-2/.

10.     **Exhibit 10** is a true and correct copy of a Form 8-K attaching a press release Sable filed with the SEC on November 3, 2025, and publicly available at https://www.sec.gov/ix?doc=/Archives/edgar/data/1831481/000183148125000092/socc-20251103.htm.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

2

CASE NO. 2:25-cv-06869-SVW-PVC
REQUEST FOR JUDICIAL NOTICE ISO MOT. TO
DISMISS SECOND AM. CLASS ACTION COMPL.

11.    **Exhibit 11** is a true and correct copy of a Form 8-K attaching a press release Sable filed with the SEC on September 29, 2025, and publicly available at https://www.sec.gov/ix?doc=/Archives/edgar/data/1831481/000183148125000071/socc-20250929.htm.

12.    **Exhibit 12** is a true and correct copy of a declaration of Steve Rusch in support of Sable's opposition to the California Coastal Commission's *ex parte* application seeking a temporary restraining order to enforce a cease-and-desist order, filed on April 17, 2025, in the Superior Court of the State of California for the County of Santa Barbara, Case No. 25CV02244.

13.    **Exhibit 13** is a true and correct copy of a Form 8-K Sable filed on May 28, 2025,[1] and publicly available at https://www.sec.gov/ix?doc=/Archives/edgar/data/1831481/000183148125000042/socc-20250527.htm.

14.    **Exhibit 14** is a true and correct copy of a Form 8-K attaching a press release Sable filed with the SEC on October 15, 2025, and publicly available at https://www.sec.gov/ix?doc=/Archives/edgar/data/1831481/000183148125000081/socc-20251015.htm.

15.    **Exhibit 15** is a true and correct copy of a Form 8-K attaching a letter from the United States Department of Transportation Pipeline and Hazardous Materials Safety Administration Sable filed with the SEC on December 17, 2025, and publicly available at https://www.sec.gov/ix?doc=/Archives/edgar/data/1831481/000183148125000137/socc-20251217.htm.

16.    **Exhibit 16** is a true and correct copy of a Form 8-K attaching a letter from the United States Department of Transportation Pipeline and Hazardous Materials Safety Administration Sable filed with the SEC on December 23, 2025, and publicly available at https://www.sec.gov/ix?doc=/Archives/edgar/data/1831481/000183148125000143/socc-20251222.htm.

---

[1] The Complaint incorrectly states this 8-K was filed on May 27, 2025.  *See* ¶ 80.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

3

CASE NO. 2:25-cv-06869-SVW-PVC
REQUEST FOR JUDICIAL NOTICE ISO MOT. TO
DISMISS SECOND AM. CLASS ACTION COMPL.

Each of these documents may be considered by the Court. *First*, Exhibits 3, 7-10, and 12-14 are incorporated by reference into the Complaint. *Second*, each Exhibit is properly subject to judicial notice under Federal Rule of Evidence 201 because each is a matter of public record and otherwise publicly available, and each can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

## II.    LEGAL STANDARD

When resolving a motion to dismiss a complaint under the Private Securities Litigation Reform Act, this Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). In other words, the Court may consider documents beyond the four corners of the Complaint to rule on Defendants' Motion if the document is either: (i) incorporated by reference into the complaint; or (ii) capable of judicial notice. *See id.*; *see also Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1185 (9th Cir. 2021) ("We may also consider 'materials incorporated into the complaint by reference' and any 'matters of which we may take judicial notice.'"); *Diaz v. N. Dynasty Minerals Ltd.*, 2019 WL 1873291, at *3 (C.D. Cal. Feb. 22, 2019) ("The Supreme Court has explicitly noted the importance of considering such materials in evaluating a securities complaint.").

## III.    ARGUMENT

### A.    Exhibits 3, 7-10, and 12-14 are Incorporated by Reference

A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Even when not extensively referenced, a document may still be incorporated by reference if the plaintiff's "claim necessarily depend[s] on [the document]." *Id*. A document

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

4

CASE NO. 2:25-cv-06869-SVW-PVC
REQUEST FOR JUDICIAL NOTICE ISO MOT. TO
DISMISS SECOND AM. CLASS ACTION COMPL.

incorporated by reference is treated as "part of the complaint, and thus [the Court] may assume that its contents are true for the purposes of a motion to dismiss under Rule 12(b)(6)." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal citation omitted).  Incorporating documents by reference prevents plaintiffs from "only [citing] portions of documents that support their claims, while omitting portions" that undermine their claims. *Khoja*, 899 F.3d at 1002.

Here, Exhibits 3, 7-10, and 12-14 meet these standards:

- **Exhibit 3 (the Consent Decree) is necessarily relied on and extensively referenced.**  Exhibit 3 is the Consent Decree involving the United States, California, various state and federal agencies, and Plains All American Pipeline, L.P. (the previous owner of Sable's onshore pipelines).  Plaintiffs challenge Sable's statement that it "completed its anomaly repair[s] . . . as specified by a Consent Decree," ¶ 68, and the Consent Decree is therefore necessary to evaluate Sable's challenged statements.  The Consent Decree is also extensively referenced throughout the Complaint.  *See* ¶¶ 21, 41-42, 59, 68, 80-82.

- **Exhibits 7, 8, and 13-14 (documents containing challenged statements) are necessarily relied on and extensively referenced.**  Exhibit 7 is a Form 8-K Sable filed on May 19, 2025 that attaches a press release with challenged statements. ¶¶ 58-61.  Exhibit 8 is a prospectus Sable filed on May 22, 2025 that contains challenged statements.  ¶¶ 66-68.  Exhibit 13 is a Form 8-K Sable filed on May 28, 2025 that contains challenged statements.  ¶ 80.  And Exhibit 14 is a Form 8-K that Sable Filed on October 15, 2025 that attaches a press release with challenged statements.  ¶¶ 85-87.  Because each of these documents contains a challenged statement, Plaintiffs necessarily rely on these documents and the Court may consider them when ruling on a motion to dismiss.  *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *5 (C.D. Cal. Mar. 5, 2021) (incorporating by reference an 8-K that contained "misrepresentations or omissions that form the basis of Plaintiff's claim").  And the Complaint extensively references Exhibits 7 (¶¶ 57-61), 8 (¶¶ 66-68), and 14 (¶¶ 85-87).  *See Khoja*, 899 F.3d at 1003.

- **Exhibits 9 and 10 (documents containing alleged corrective disclosures) are extensively referenced and necessarily relied on.**  Exhibit 9 is a news article published by Hunterbrook Media on October 31, 2025, containing alleged corrective disclosures and an additional challenged statement.  ¶¶ 88-91.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW

5

CASE NO. 2:25-cv-06869-SVW-PVC
REQUEST FOR JUDICIAL NOTICE ISO MOT. TO
DISMISS SECOND AM. CLASS ACTION COMPL.

Exhibit 10 is a Form 8-K filed on November 3, 2025, attaching a press release containing alleged corrective disclosures.  ¶ 92.  Because these documents contain alleged corrective disclosures, Plaintiffs necessarily rely on these documents and the Court may consider them when ruling on a motion to dismiss. *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 593 (N.D. Cal. 2019) (incorporating by reference "news articles the [complaint] identifies as corrective disclosures"); *Garcia*, 2021 WL 1558331, at *5 (incorporating by reference documents that allegedly "revealed the truth" because they "form[ed] the basis of Plaintiff's claim").

- **Exhibit 12 (a declaration filed in another court case) is necessarily relied on.** Exhibit 12 is a declaration signed by Steve Rusch and filed on April 17, 2025, in the Coastal Commission Litigation.[2]  Ex. 12; *see* ¶ 78.  The Complaint describes a June 3, 2025 temporary restraining order in the State Waivers Litigation,[3] and alleges that "Sable had opposed the temporary restraining order. Steve Rusch, Sable's Vice President, Regulatory & Environmental Affairs, stated in a sworn declaration to the court . . . '[i]f a TRO is issued, [Sable] will be forced to shut down repair and maintenance activities, which will require [Sable] to incur significant economic damages.'"  ¶ 78.  But **Plaintiffs quote from the wrong declaration**.  The quoted language appears in a declaration Mr. Rusch signed *two months before the TRO issued* and in a *different court case. Compare* ¶ 78, *with* Ex. 12 (quoted language appears in Mr. Rusch's April 17, 2025 declaration filed in the Coastal Commission Litigation).  The incorporation by reference doctrine prevents plaintiffs from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.  Plaintiffs purport to quote from a sworn declaration but "omitt[ed]" two facts that "doom" their claims:  the date on which it was signed, and the court in which it was filed. *See* ¶ 78; Ex. 12.  The Court should consider Exhibit 12 incorporated by reference to prevent this method of pleading. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)

---

[2] *Sable Offshore Corp. v. Cal. Coastal Comm'n*, No. 25CV00974 (Santa Barbara Cnty. Super. Ct.) ("Coastal Commission Litigation").

[3] *Env't Def. Ctr v. Cal. Dep't of Forestry & Fire Prot.*, No. 25CV02247 (Santa Barbara Cnty. Super. Ct.); *Ctr. for Biological Diversity v. Cal. Dep't of Forestry & Fire Prot.*, No. 25CV02244 (Santa Barbara Cnty. Super. Ct.) ("State Waivers Litigation").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

6

CASE NO. 2:25-cv-06869-SVW-PVC
REQUEST FOR JUDICIAL NOTICE ISO MOT. TO DISMISS SECOND AM. CLASS ACTION COMPL.

(plaintiff cannot survive motion to dismiss by "omitting references to documents upon which their claims are based").

## B.     All Exhibits are Properly Subject to Judicial Notice

Courts may take judicial notice of matters that are "not subject to reasonable dispute" because they are (1) "generally known"; or (2) can be "determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The documents submitted in connection with Defendants' Motion may be considered by the Court because each document is also subject to judicial notice. Exhibits 1-16 are SEC filings, documents filed in State or Federal court, or news articles published online. Each document is publicly available, and each can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b); *Khoja*, 899 F.3d at 999 ("Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" (quoting Fed. R. Evid. 201(b))).

**SEC Filings (Exhibits 1-2, 7-8, 10-11, and 13-16).** Courts routinely take judicial notice of public SEC filings in connection with motions to dismiss in securities class action cases. *See Metzler Inv. GMBH v. Corinthian Colls. Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (holding SEC filings are subject to judicial notice); *In re YogaWorks, Inc. Sec. Litig.*, 2020 WL 2549290, at *1 n.1 (C.D. Cal. Apr. 23, 2020) (taking judicial notice of SEC filings); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 902 (C.D. Cal. 2011) (courts are permitted "to judicially notice SEC filings"). Exhibits 1-2, 7-8, 10-11, and 13-16 are Form 8-Ks, a Prospectus, and a Form 10-K filed with the SEC. These documents are publicly available on the SEC's website. None is subject to reasonable dispute, and each is capable of accurate and ready determination via the SEC's public website at www.sec.gov/edgar. The Court should therefore take judicial notice of "what statements the documents contain." *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005); *see also Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

7

CASE NO. 2:25-cv-06869-SVW-PVC
REQUEST FOR JUDICIAL NOTICE ISO MOT. TO
DISMISS SECOND AM. CLASS ACTION COMPL.

2008) (explaining that judicial notice of SEC filings is proper "for the purpose of determining what statements the documents contain").

**Court Pleadings and Orders (Exhibits 3-6, and 12).** Courts may take judicial notice of "undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted); *see also United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts.") Exhibit 3 is a consent decree filed in federal court.[4] Exhibits 4-6 are complaints filed in Santa Barbara Superior Court, some of which attached exhibits in support of the allegations. Exhibit 12 is a declaration filed in Santa Barbara Superior Court. Each is publicly available, and the Court should take judicial notice that these court filings exist and contain the information referenced within. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of "pleadings, memoranda, [and] expert reports" filed in a different case); *Swartzendruber v. Colony Cap., Inc.*, 2020 WL 7754008, at *3 (C.D. Cal. Dec. 10, 2020); *see also Gammel v. Hewlett-Packard Co.*, 2013 WL 1947525, at *5 (C.D. Cal. May 8, 2013) (taking judicial notice of the existence and content of court filings, but not that the allegations within those filings were true).

**News Articles and Online Publications (Exhibit 9).** Courts may take judicial notice of publicly available news articles when the news articles are offered for the fact that they were publicly available and contain the statements therein. *See, e.g., Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of "the fact that various newspapers, magazines, and books have published information . . . as an indication of what information was

---

[4] The court may also take judicial notice of Exhibit 3, the Consent Decree, because it is a public document on the Environmental Protection Agency's website. Available at, https://www.epa.gov/sites/default/files/2020-03/documents/plainsallamericanpipelinelp.pdf; *see Ariz. Libertarian Party v. Reagan*, 798 F.3d 723, 727 n.3 (9th Cir. 2015) ("We may take judicial notice of 'official information posted on a governmental website, the accuracy of which is undisputed'") (internal quotes omitted).

LATHAM&WATKINSLLP
ATTORNEYS AT LAW

8

CASE NO. 2:25-cv-06869-SVW-PVC
REQUEST FOR JUDICIAL NOTICE ISO MOT. TO
DISMISS SECOND AM. CLASS ACTION COMPL.

in the public realm at the time") (cleaned up); *Ardolino v. Mannkind Corp.*, 2016 WL 4505172, at \*4 (C.D. Cal. Aug. 23, 2016) ("Federal courts routinely take judicial notice of press releases, news articles, SEC filings, and conference call transcripts cited in securities complaints."). Exhibit 9 is an article published by Hunterbrook Media and available online. It is judicially noticeable to establish that the statements in the article were publicly available.

## IV.    CONCLUSION

Defendants respectfully request that the Court consider Exhibits 1-16 in assessing Defendants' Motion.

Dated: January 5, 2026

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: */s/ Kristin N. Murphy*
Kristin N. Murphy (SBN 268285)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Email: kristin.murphy@lw.com

Colleen C. Smith (SBN 231216)
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Email: colleen.smith@lw.com

*Counsel for Defendants*
*Sable Offshore Corp., James C.*
*Flores and Gregory D. Patrinely*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

9

CASE NO. 2:25-cv-06869-SVW-PVC
REQUEST FOR JUDICIAL NOTICE ISO MOT. TO
DISMISS SECOND AM. CLASS ACTION COMPL.